UNITED STATES, Appellee

v

GEORGE K. KEPPERLING, Chief Warrant Officer W–2, U. S. Army, Appellant

11 USCMA 280, 29 CMR 96

No. 13,366

Decided March 4, 1960

*John N. Shephard, Esquire,* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Ralph Herrod, First Lieutenant Herbert R. Brown,* and *First Lieutenant William L. Garwood.*

*Lieutenant Colonel James G. McConaughy* argued the cause for Appellee, United States. With him on the brief was *First Lieutenant Allen I. Saeks.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was brought to trial before a general court-martial for larceny of $4,720.00 from an Army finance office in Japan, a violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. In accordance with his plea of guilty he was convicted, and the court-martial sentenced him to dishonorable discharge, total forfeitures, and confinement at hard labor for four years. The convening authority approved the findings and sentence, except that in conformity with a pretrial agreement he reduced the term of incarceration to three years, and a board of review in the office of The Judge Advocate General of the Army affirmed. Subsequently, however, the board granted a petition for reconsideration. It once more affirmed the findings but, concluding that the law officer erred in his instructions on punishment, set aside the sentence and ordered a rehearing thereon. A second court-martial sentenced accused to three years' confinement at hard labor and forfeiture of all pay and allowances. The officer exercising general court-martial jurisdiction approved, and the board of review affirmed the findings and so much of the sentence as included two years' imprisonment and forfeitures. Thereafter, we granted accused's petition for review of the sole error assigned by his appellate defense counsel before this Court. His assignment requires us to determine whether the law officer at the rehearing erred by failing to permit accused to change his plea of guilty at the first trial to not guilty.

To present this issue in its proper posture, it is necessary that we recount some additional facts. When, upon his arraignment, accused pleaded guilty, the law officer went to great lengths to insure that the plea was providently entered. Specifically, he ascertained that accused knew the burden of proof to establish his guilt beyond a reasonable doubt rested upon the Government, and he was entitled to plead not guilty; that

**281**

he understood the meaning and effect of his plea; that his offer to plead guilty, conditioned upon a fixed ceiling on the sentence the convening authority would approve, originated wth the accused; that his plea of guilty was entirely voluntary; that he was personally satisfied it was in his best interests; that he was completely satisfied with his defense counsel; and that he was pleading guilty because he was in fact guilty as charged. After advising the accused he was free to withdraw his plea at any time before announcement of sentence, the law officer accepted it. In view of the plea, no evidence was presented on the merits. However, after findings, to assist the court members in determining an appropriate sentence, the facts and circumstances of the crime—the commission of the theft, discovery thereof, and accused's ready and voluntary confession thereto—were placed before them by means of a stipulation. Defense counsel then presented matters in behalf of his client, and thereafter the court proceeded to sentence accused. Suffice it to say that nowhere in the transcript of this hearng does anything appear which is—in even the most remote way—inconsistent with accused's plea of guilty, nor is there the slightest suggestion he desired to do anything but admit guilt and pay his debt to society.

As previously noted, the board of review, whch predicated its holding on United States v Varnadore, 9 USCMA 471, 26 CMR 251, and United States v Holt, 9 USCMA 476, 26 CMR 256, found an infirmity in the law officer's instructions on sentence. It terminated its decision on reconsideration with this paragraph:

"For the reasons stated, the Board of Review adheres to so much of its prior decision as finds correct in law and fact the approved findings of guilty and the same are hereby affirmed. However, in view of the foregoing, the sentence is set aside and a rehearing thereon is ordered. The record of trial is returned to The Judge Advocate General of the Army for transmittal to an appropriate convening authority for a rehearing on the sentence."

In accordance with that order the case was in due course forwarded to a convening authority. He referred the case to another court-martial with this direction:

"To be heard as a rehearing on sentence only concerning the charges and specifications of which the accused stands convicted."

At the outset of the rehearing, individual civilian defense counsel stated accused's desire to change his plea to not guilty, and asked to be heard on a motion for that relief in an out-of-court hearing. He argued that since the sentence had been set aside for an instructional error, no lawful sentence had ever been announced in the case, and therefore that accused was, as a matter of law, entitled to withdraw his plea of guilty. Further, counsel for accused contended that the desired change of plea alone consitituted a matter inconsistent with the plea which required that trial proceed on the merits on the basis of a not guilty plea. See Article 45(a), Uniform Code of Military Justice, 10 USC § 845. Trial counsel opposed the requested relief because the findings had been affirmed on appeal and only the sentence was before the court-martial, and after both parties had presented their positions, the law officer denied the motion.

Thereafter, in open session, it was stipulated that accused had been found guilty of the theft, which finding had been approved and affirmed, and that he stood convicted but unsentenced for the offense. The court then moved on to matters pertaining to sentence. Accused was apprised of his rights and at his election, his civilian defense counsel made an unsworn statement in his behalf, in the course of which counsel adverted once more to his client's guilty plea. We quote his remarks:

" . . . As you know, this man has been found guilty on a plea of guilty to this charge and he is here before you now to be sentenced.

"Again I would say what I said at the outset when I made my first motion in this court, the accused has a legal and moral right to enter a plea

of not guilty even if he knows he is guilty. This is so because his plea of not guilty amounts to nothing more than a statement that he stands upon his right to cast upon the prosecution the burden of proving his alleged guilt.

"Now, there is no issue here as I have read that to you as to whether or not—and I don't want you to consider whether or not 'he knows of his own guilt.' The point is this, that at no time did he have access solely to sums of money. There was never an occasion when at least two other persons did not have access to a safe.

"A deal was made by his counsel over there whereby he would get a guaranteed reduced sentence from the maximum that was offered. As his counsel—and I consider myself, having read the record, more adequate than the counsel that he had in Japan —he should have been advised to take advantage of his legal and moral right to plead not guilty and he should have done so.

"Now, again at this time I renew my motion to permit the accused to enter a plea of not guilty, that the plea that was entered initially was both improvident, improperly taken and poorly advised, that it was done at the behest of defense counsel where a guaranteed—guaranteed somewhat reduced sentence was assured, and at this time I would ask the law officer to rule again on that matter."

The law officer once more denied the motion.

Article 45(a) of the Code, supra, provides as follows:

"If an accused arraigned before a court-martial makes an irregular pleading, or after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect, or if he fails or refuses to plead, a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty."

And, pertinent to our problem, paragraph 70b, Manual for Courts-Martial, United States, 1951, provides:

"Whenever an accused, in the course of trial following a plea of guilty, makes a statement to the court, in his testimony or otherwise, inconsistent with the plea, the court will make such explanation and statement as the occasion requires. If, after such explanation and statement, it appears to the court that the accused in fact entered the plea improvidently or through lack of understanding of its meaning and effect, or if the accused does not voluntarily withdraw his inconsistent statement, the court will proceed to trial and judgment as if he had pleaded not guilty. . . . When, after a plea of guilty has been received, the accused asks to be allowed to withdraw it and substitute a plea of not guilty or a plea to a lesser included offense he should be permitted to do so."

Without doubt then, the accused, prior to announcement of sentence at the initial hearing, should be permitted to withdraw his guilty plea and require the Government to prosecute the case on the merits. Indeed, the law officer so advised this accused before accepting his plea. Likewise, it is clear that if the findings and sentence resulting from a trial are set aside because of jurisdictional error or an improvident guilty plea, an accused may, at a subsequent hearing, enter a plea of not guilty if he chooses. However, the defense wants to extend that doctrine by urging us to hold that the law affords this same right to an accused who comes before a second court when a board of review or this Court orders a rehearing on sentence only. To this position we cannot subscribe.

It is argued that no proceeding resulting in conviction constitutes a trial until the finding becomes final after appellate review is fully completed. See Article 44(b), Uniform Code of Military Justice, 10 USC § 844. Thus it is urged that accused's trial was still in progress at the time he sought to change his plea,

for appellate defense counsel contend no legal sentence had been announced at that time. Accordingly, they conclude, accused's rights to withdraw his plea are identical with those at the original hearing. The short answer to those arguments is that the sentence originally adjudged against accused was not *ipso facto* void. See United States v Miller, 10 USCMA 296, 27 CMR 370, and cases therein cited. Hence, it is not true that the proceedings never passed the sentence stage. Certainly, they went much beyond that point, for the board of review finalized the findings at that level. Therefore, we agree, to use the language of the board on the second appeal, that the unqualified right to change one's plea of guilty merely upon request extends to, but not beyond, announcement of sentence "at the trial *then and there in progress.*" While accused may have been able to withdraw his guilty plea with or without reason up to that point, thereafter he no longer enjoyed an absolute right to do so. All the board of review did, in ordering a rehearing limited to sentence only—a procedure first advanced by this Court —was to recognize "that findings and sentence are completely separate and distinct portions of military justice procedure." United States v Miller, supra. See also United States v Walker, 7 USCMA 669, 23 CMR 133, and cases cited therein. Even though the board required new sentence proceedings due to instructional error, there was no reason to inquire anew into the findings, for accused had judicially conceded his guilt and adhered to that plea until after action by the board of review. Twice his case was up before the board and when he ascertained the case was being returned for action on the sentence only, he never requested that the board of review broaden its order so that he might defend on the merits. He might have obtained some relief at that level, but for us to follow his present contention would lead to the absurd result that he could—because of some error which touched merely on the sentence and had no relation whatever to the findings—arbitrarily force the hearing of his case on the merits, not because he claims any defense, but merely because

**284**

he has changed his mind and wants to force the Government to its proof. Were that situation permitted, it is not difficult to appreciate the extreme difficulty which might be attendant due to passage of time, unavailability of witnesses, fading of memories, and kindred problems. Indeed, the case at bar offers an excellent example, for accused's original trial was held in Japan, but before the rehearing on sentence he was returned to the Zone of the Interior. No doubt, had the rehearing gone to the merits, the accused would have had to be returned to Japan or the witnesses transported to the United States. To grant accused persons the right for which the defense contends would be at once to destroy logical and orderly processes, and to cause unseemly complications and difficulties without good reason. And we might mention, before leaving this facet of our holding, that we are not constrained one ■■■■■■ ■ whit in our conclusion by Article 44(b) of the Code, supra, upon which the defense relies. As counsel for the Government point out, the test of finality there stated has no pertinency here, for it is, by the very terms of the Article, restricted to the question of jeopardy.

We direct our attention next to the second fork of the defense argument. In addition to urging that accused had an absolute right to withdraw his plea, individual defense counsel contended at trial and repeats at this level, that the stated desire to change the plea was inconsistent with it and thereby rendered it improvident. Again we must disagree. Assuming arguendo that the law officer was not bound to follow the directions of the board of review, defense counsel himself pointed out at trial that the wish to change one's tactics and force the prosecution to prove one's criminality does not show improvidence of a plea to the merits. It is merely a strategic device to shift the Government's burden from proving by plea to establishing by testimony. Nor is any statement made in accused's behalf by his lawyer in any wise inconsistent with his judicial confession of guilt at the original proceedings. Rather, his newly retained counsel

merely indicated that in his judgment accused would have been better "advised to take advantage of his legal and moral right to plead not guilty" and force the Government to prove his guilt. No doubt, at the time of the rehearing, it would be distinctly advantageous for accused to go to trial on the merits, for his maximum punishment was then fixed at confinement for three years with accessories, but the record does not show he was ill-advised at the time of the original hearing. On that occasion, he would have run the risk of imprisonment for five years had he not pleaded guilty.

As we have indicated in many cases before, to withdraw a guilty plea a statement must be patently inconsistent and show at least the probability of some defense. See United States v Wright, 6 USCMA 186, 19 CMR 312; United States v Hinton, 8 USCMA 39, 23 CMR 263. Here the record shows only a belatedly expressed desire to change tactics, not because the prior course had been inadvertent, nor because some basis for successful defense has not been exploited, nor even because accused protests his innocence. Manifestly, no showing of inconsistency has been made. And certainly, as was stated earlier, we cannot find any indication of improvidence in the transcript of the original trial. It is clear that accused at all times understood the consequences of his plea, freely admitted his guilt, and entered his plea not because he had been successful in importuning the convening authority to approve a pretrial agreement on sentence, but rather because he was in fact guilty. While accused indicated that reflection caused him to wish he had pleaded not guilty originally—when it was his right—that in no way entitles him to the relief he now seeks.

For the foregoing reasons, the assigned error must be resolved against the accused. There was no basis for the law officer even to contemplate permitting the accused to change his plea. In this connection, however, we note the Government's argument that the board of review had ordered a rehearing on sentence only, and that the convening authority had referred the case to the court-martial for that purpose alone. Under such circumstances we are urged to hold that the law officer was powerless to allow accused to change his plea under any circumstances. See United States v Yelverton, 26 CMR 586. See also United States v Collier, 26 CMR 529.

There is considerable merit to that argument, but under our holding, it is unnecessary for us to reach the question. We do point out, however, that the usual rule in civilian jurisdictions is to the effect that unless and until the appellate court releases the trial forum from the obligation imposed, there is no power residing in the lower tribunal except to enforce the mandate. That rule suggests a procedure which can be applied in military tribunals to assure that justice is done. In a proper case, where an accused makes a clear showing of circumstances entitling him to relief, the court could follow the procedure outlined by the board of review in United States v Collier, supra, where it was suggested that the law officer:

". . . halt the proceedings at that point, advise the convening authority in the premises, and that the latter should then return the case, with the record of the rehearing completed to the point of adjournment, to the Board of Review for its further consideration." [26 CMR 529, 537.]

While that may result in some delay, a court-martial cannot act in violation of the mandate of a board of review or this Court, and the appropriate place to seek relief from an oppressive order is with the tribunal which issued it. But, in addition, it should be remembered that when an accused is allowed to change his plea, the Government is entitled to a continuance in order to prepare its case. Thus a delay is ordinarily unavoidable. And certainly the defense cannot be heard to complain about a continuance which is granted for its benefit. Proceeding in that fashion would allow a board of review to modify its directions in a proper case so there would be no cloud cast on the author-

ity of the court-martial to accept a plea of not guilty and redetermine the findings on the merits. And at the same time, that procedure eliminates determination of sentence when such would be rendered a useless and unnecessary act if extraordinary relief is later granted the accused.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.