UNITED STATES, Appellee

v

DONALD N. YAEGER, Private First Class,
U. S. Marine Corps, Appellant

15 USCMA 226, 35 CMR 198

No. 18,039

February 12, 1965

*Lieutenant John P. Meade,* USNR, argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Charles B. Sevier,* USMC, and *Lieutenant K. L. Abernathy,* USN.

*Lieutenant Colonel J. M. Detrio,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Commander C. J. Mackres,* USNR.

QUINN, Chief Judge:

At a rehearing, a special court-martial convicted the accused of larceny of $40.00 from a fellow marine, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and sentenced him to a bad-conduct discharge, confinement at hard labor for four months, and accessory punishments. The convening authority approved the conviction and sentence, and intermediate appellate authorities affirmed his action. We granted further review to consider the admissibility of a pretrial statement by the accused in which he admitted the theft.

The findings of guilty of the first court-martial were set aside by the officer exercising general court-martial jurisdiction. Since the reason for his action provides the basis for our review, we quote it in full:

"In the foregoing case of Donald N. YAEGER, private first class, U. S. Marine Corps, tried by special court-martial on 18 March 1964, a review of the record of trial indicates that the accused testified that after being warned of his rights under Article 31 of the Uniform Code of Military Justice, he was informed in effect that the statement would not be used against him. This testimony was not rebutted by the prosecution. It appears that the agent properly advised the accused of his rights under Article 31 and then improperly destroyed the effect of that warning by leading the accused to believe that any statement given would not in fact be used against him. (U. S. v Dalrymple, 34 CMR 87.) Under the circumstances of this case, this error is materially prejudicial to the substantial rights of the accused. For this reason, the sentence is disapproved. A rehearing may be ordered before another court-martial to be designated by the convening authority."

On remand, the trial forum is bound to comply with the mandate of the appellate authority. United States v Kepperling, 11 USCMA 280, 29 CMR 96; United States v Stevens, 10 USCMA 417, 27 CMR 491. The terms of the mandate may establish a particular matter as the "law of the case." United States v Kepperling, supra; Naples v United States, — F2d — (CA DC Cir) (1964) ; see also United States v Dean, 7 USCMA 721, 23 CMR 185; or it may open the controversy so as to leave the trial court free to decide the matter anew on the basis of the evidence then before it. United States v Davenport, 14 USCMA 152, 33 CMR 364; United States v Chapman, 2 USCMA 138, 7 CMR 14; see also United States v Shotwell Mfg. Co., 355 US 233, 252, 2 L ed 2d 234, 78 S Ct 245 (1957), dissenting opinion of Mr. Justice Black.

Determination of the voluntariness of a confession may involve a ruling of law or a finding of fact, depending upon whether the issue is merely admissibility or is submitted to the triers of facts as one of the matters to be decided by them. United States v Odenweller, 13 USCMA 71, 32 CMR 71; see also Jackson v Denno, 378 US 368, 12 L ed 2d 908, 84 S Ct 1774 (1964). In reviewing the record of trial, intermediate appellate authorities have power not only to review rulings of law, but to make findings of fact opposite to those made at the trial level. If supported by evidence, the new findings are binding in all subsequent proceedings in the case. United States v Alaniz, 9 USCMA 533, 26 CMR 313; United States v Remele, 13 USCMA 617, 33 CMR 149. As a result of this duality of power, it is sometimes difficult to determine whether a particular action is based on legal principle or on new findings of fact. See United States v Gebhart, 10 USCMA 606, 28 CMR 172. As we read the supervisory authority's action in this case, it determined the issue of voluntariness as a question of fact, and left no room for relitigation of the matter. United States v Dean, supra.

Government counsel contend the supervisory authority really did not decide

the question of voluntariness, but directed a rehearing because the court-martial was not properly instructed on that issue. In support of this contention, reference is made to several passages in the staff legal officer's review which, in fact, discuss the failure of the president to instruct and refer to our decision in United States v Dalrymple, 14 USCMA 307, 34 CMR 87. Since the supervisory authority also cited *Dalrymple*, counsel construe the words "this error," in the supervisory authority's action, as referring to the instructional deficiency described in the staff legal officer's review. We have, indeed, held in several cases that findings of the staff legal officer can be taken as those of the reviewing authority, but there must be nothing in the reviewing authority's action to disavow those findings. See United States v Justice, 13 USCMA 31, 32 CMR 31. The action of the reviewing authority governs; not that of the staff officer. Consequently, where the reviewing authority's action speaks clearly and specifically on a point, there is no necessity to refer to the staff legal officer's review for guidance as to the reviewing authority's intention. See United States v Smith, 13 USCMA 105, 32 CMR 105.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judges FERGUSON and KILDAY concur.