UNITED STATES, Appellee

v

GAYLORD N. BRAXTON, Private, U. S. Marine Corps, Appellant

16 USCMA 504, 37 CMR 124

No. 19,877

February 3, 1967

*Lieutenant Commander George E. Goodwin,* USN, was on the pleadings for Appellant, Accused.

*Major Ernest B. Wright,* USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Among other offenses, the accused was convicted by a special court-martial of willful disobedience of a lawful order (specification of Charge II), in violation of Article 91, Uniform Code of Military Justice, 10 USC § 891. In the post-trial advice, the staff legal officer recommended to the general court-martial authority that Charge II and its specification be dismissed and the sentence reassessed, with provision for suspension and automatic remission of the punitive discharge. Without separate indication of his reasons, the convening authority reassessed the sentence, exactly as recommended by the staff legal officer, but made no changes in the findings of guilty.

When the action of the reviewing authority is consistent with the recommendations of the staff legal officer, the reasons for his action are presumed to be the same as those set out in the post-trial advice. United States v Johnson, 12 USCMA 640, 31 CMR 226; United States v Alaniz, 9 USCMA 533, 26 CMR 313. Since the convening authority modified the sentence in precise accord with the recommendations of the staff legal officer, it may fairly be inferred that he also agreed with the latter's recommendation to dismiss Charge II and its specification. United States v Kindler, 14 USCMA 394, 34 CMR 174; cf. United States v Yaeger, 15 USCMA 226, 35 CMR 198. The inference is strengthened by the failure of the general court-martial authority to state any reason for taking action different from that recommended by his staff legal officer. See Manual for Courts-Martial, United States, 1951, paragraph 85c. We are, therefore, left with an abiding conviction that the general court-martial authority's failure to dismiss Charge II and its specification was entirely inadvertent. In view of the sentence, and in the interest of conserving judicial time and effort, we can appropriately correct the defect.

The accused's petition for grant of review is granted. The findings of guilty of Charge II and its specification are set aside and the charge is ordered dismissed. The record of trial is returned to the board of review for reassessment of the sentence on the basis of the remaining findings of guilty.