**UNITED STATES, Appellee,**

v.

**Leonard W. BARFIELD, Private First Class, U. S. Army, Appellant.**

No. 26,547.
CM 428401.

U. S. Court of Military Appeals.

Feb. 1, 1977.

*Captain Steven J. McAuliff* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain Michael R. Caryl, Captain Edward E. Shumaker III,* and *Captain Lawrence E. Wzorek.*

*Captain Gary F. Thorne* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen* and *Major John T. Sherwood, Jr.*

Opinion of the Court

COOK, Judge:

On a previous appeal, this Court authorized a rehearing for sentencing because of prejudicial error in the denial of a defense request for a continuance to obtain an

Army psychiatrist, Dr. Gould, as a witness. 22 U.S.C.M.A. 321, 46 C.M.R. 321 (1973). The question here is the correctness of the trial judge's denial, at the rehearing, of a defense motion, under paragraph 81*b*(2), Manual for Courts-Martial, United States, 1969 (Rev.), to suspend the proceeding and refer to this Court the accused's contention that his plea of guilty at the original trial was improvident.

■ At a rehearing, the trial judge must proceed in accordance with the mandate of the appellate court. *United States v. Yaeger*, 15 U.S.C.M.A. 226, 35 C.M.R. 198 (1965). Consequently, when the mandate provides for a rehearing only as to sentence, the trial court cannot vacate an outstanding plea of guilty or otherwise proceed with the case as though a plea of not guilty had been entered. Should the accused challenge the validity of the plea, the trial judge may, if the evidence warrants, suspend the hearing and refer the matter to the appellate authority for such action in regard to the plea as it deems required or appropriate. *United States v. Kepperling*, 11 U.S.C.M.A. 280, 29 C.M.R. 96 (1960). These general principles provide the theme for paragraph 81*b* (2) of the Manual,[1] which, in material part, is as follows:

81. REHEARING AND NEW OR OTHER TRIALS.

.    .    .    .    .

*b*. Procedure. . . .

(2) *Rehearings on sentence only*. . . No new evidence of guilt or innocence not presented at the original trial shall be presented but the matters covered in [paragraph] 75 are proper. . . . The accused at such a rehearing may not withdraw any plea of guilty upon which the findings of guilty now before the court were based. However, if he establishes that such a plea was improvident ([paragraph] 70*b*), the rehearing will be suspended and the matter referred to the

authority directing the rehearing on the sentence, for appropriate action.

■ Preliminary to consideration of the merits of the defense contention is whether paragraph 81*b*(2) is applicable to an accused who asserts only that he has evidence, which, had he presented it at the original trial, might reasonably have led to a finding of not guilty. In *Kepperling*, at a rehearing of the sentence, the accused moved to withdraw his plea of guilty because he desired to put the Government to its proof. While recognizing that such a change of mind can be effected as of course at a trial of the merits, the Court held that a change of mind which merely compels the Government "to prove one's criminality does not show improvidence of a plea to the merits." 11 U.S.C.M.A. at 284, 29 C.M.R. at 100. Six years later, and before the adoption of the 1969 Manual, the Court confronted the problem of post-conviction changes of mind, accompanied by "avowals of innocence." *United States v. Chancelor*, 16 U.S.C.M.A. 297, 300, 36 C.M.R. 453, 456 (1966). To reduce such declarations of innocence from the commonplace to the rare, the Court recommended that, before acceptance of a plea of guilty, the trial judge conduct a thorough examination of the accused so that "express admission of factual guilt" by the accused would be a matter of record. *Id.* The contemplated consequence of this procedure was that "post-trial protestations of innocence" would fall on "deaf ears." *Id.*

■ Although the background notes on the Manual provision do not mention *Chancelor*,[2] the language of paragraph 81*b* (2) indicates that the draftsmen adopted not only the procedure explicated in *Kepperling* for the handling of a post-conviction challenge to a plea of guilty, but also *Chancelor's* concept of the effect upon such a challenge of admissions of factual guilt made by the accused during his examination at the original trial on the merits.[3] Thus,

---

1. Department of the Army Pamphlet 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Rev.), at 15–1.

2. *Id.*

3. In *United States v. Care*, 18 U.S.C.M.A. 535, 538, 40 C.M.R. 247, 250 (1969), the Court reiterated *Chancelor's* observations on the consequence of a trial record of the accused's own "admission of factual guilt." *See also United*

unlike Article 45(a), Uniform Code of Military Justice, 10 U.S.C. § 845(a), which authorizes disregard of a plea of guilty at a trial of the merits whenever the accused "sets up matter inconsistent" with the plea, or the plea is improvident, or was entered "through lack of understanding of its meaning and effect," paragraph 81$b$(2) is available to an accused who can establish the improvidence of his plea, but not to one who only offers matter inconsistent with the plea, which was available to him at the original trial, but which he had been elected not to present. We conclude, therefore, that paragraph 81$b$(2) does not use the word "improvident" to include all three of the grounds that would, under Article 45(a), override a plea of guilty at a trial of the merits, but is limited to a showing that the "plea was improvident," which does not include matter inconsistent with the facts admitted by the plea. As the accused's motion to suspend the rehearing was based solely on the ground that he had evidence inconsistent with the facts he had admitted during the inquiry into his understanding of the elements and circumstances of the offense and conceded by his plea of guilty, it was properly denied by the trial judge.[4]

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

PERRY, Judge (dissenting):

In June 1973, this Court found that the trial judge erred when he refused to grant a reasonable postponement of the sentence proceeding in order that the presence of the

appellant's expert witness, a psychiatrist, could be secured. *United States v. Barfield,* 22 U.S.C.M.A. 321, 46 C.M.R. 321 (1973). We therefore remanded the case and authorized a rehearing on the sentence. At that hearing, which was held August 16, 1973, the appellant contended that his plea of guilty, which had been tendered and accepted in the original trial, was improvident. He testified that he had at all times believed himself innocent and stated that he pleaded guilty only to obtain the leniency afforded by a pretrial agreement, upon the advice of his defense counsel that he would lose the case on the merits if it were contested. Additionally, the appellant's wife testified in support of her husband's claim of innocence. A psychiatrist from the United States Disciplinary Barracks, who had conducted the appellant's initial psychiatric evaluation and with whom the appellant had contact during the following year, testified that the appellant had steadfastly denied his guilt and that the appellant had told him that he pleaded guilty to protect his family. The appellant's motion, that the proceedings on rehearing be suspended and his contention concerning the alleged improvidency of his plea be referred to this Court, was denied. Affirming the judgment of the United States Army Court of Military Review, which upheld the trial judge's decision, the majority holds today that "improvidence" as that term applies to guilty pleas, does not include the introduction of matter inconsistent with a plea of guilty. My reading of the Manual for Courts-Martial, United States, 1969 (Rev.), leads me to conclude otherwise. Accordingly, I respectfully dissent.

*States v. Dusenberry,* 23 U.S.C.M.A. 287, 291, 49 C.M.R. 536, 540 (1975). *Cf.* Article 73, Uniform Code of Military Justice, 10 U.S.C. § 873, which authorizes a petition for new trial on the ground of "newly discovered evidence."

4. The Government and the Court of Military Review responded on the merits to the accused's contention. We are fully in accord with the American Bar Association Standards Relating to Pleas of Guilty, which indicate that a plea of guilty may be withdrawn after conviction "to correct a manifest injustice." *Id.* § 2.1 (1968). With this standard in mind, we are satisfied that the accused's plea of guilty was

the product of a reasoned assessment, with the assistance of defense counsel, of the strength of the evidence of guilt against him. In the circumstances disclosed by the record, what this Court said in *United States v. Dusenberry,* 23 U.S.C.M.A. 287, 291, 49 C.M.R. 536, 540 (1975), is appropriate:

Unless an accused can allege and prove serious derelictions on the part of his counsel sufficient to show that his plea was not a knowing and intelligent act, he is bound by either his own or his attorney's assessment of the law and facts when he admits his guilt by his plea.

## I

The questions presented involve two paragraphs of the Manual, 81*b*(2) and 70*b*. Early in subparagraph 81*b*(2) the Manual provides:

(2) *Rehearings on sentence only.* In a rehearing on the sentence only (92), the procedure in general is the same as in any trial, but the portion of the procedure usually occurring after challenges, through and including the findings, is omitted. The court is advised of the offenses of which the accused stands convicted and for which they shall impose sentence. *No new evidence of guilt or innocence not presented at the original trial shall be presented,* but the matters covered in 75 are proper. The prosecution and defense may establish the content of the record of the original trial, relative to the evidence on the merits relating to the offenses of which the accused stands convicted but not sentenced. This may be done by stipulation (154*b*), or it may be done by reading from the record of the original hearing. . . . [Emphasis in body added.]

The sentence above emphasized, placed as it is in the middle of a section addressing what matters will and will not come before the court for consideration of a proper *sentence,* is not relevant to any attempt to affect the original *plea.*

More to the point is a subsequent section of that same subparagraph:

The accused at such a rehearing may not *withdraw* any plea of guilty upon which the findings of guilty now before the court were based. However, *if he establishes that such a plea was improvident (70b),* the hearing will be suspended and the matter referred to the authority directing the rehearing on the sentence, for appropriate action. [Emphasis added.]

Clearly, then, while an accused may not at that stage himself *withdraw* his original guilty plea, he *may* render it *improvident* so as to cause the authority directing the sen-

tence rehearing to vacate that plea.[1] The controversy, then, narrows to what constitutes making the plea "improvident."

The last-quoted portion of paragraph 81*b* (2) refers to paragraph 70*b* on the matter of providence of a plea; thus, paragraph 81*b* (2) contemplates that if an accused "establishes" his original plea as improvident within the meaning of paragraph 70*b,* the hearing must be suspended for appropriate subsequent action.

Paragraph 70*b* concerns itself with guilty plea procedure. It requires that certain advice be given the accused, such as the elements of the offense, the maximum imposable punishment if convicted, the rights which such a plea forfeits, etc. In subsection (3), it also provides:

(3) A plea of guilty will not be accepted unless the military judge, . . . after the accused has been questioned, is satisfied not only that the accused understands the meaning and effect of his plea and admits the allegations to which he has pleaded guilty but also that *he is voluntarily pleading guilty because he is convinced that he is in fact guilty.* [Emphasis added.]

Further into the paragraph, the Manual states:

When an accused in the course of a trial following a plea of guilty makes a statement to the court, in his testimony or otherwise, *inconsistent with the plea,* the military judge, . . . will inquire into the *providence* of the plea. If as a result of this inquiry it appears that the accused in fact entered the plea improvidently or through a lack of understanding of its meaning and effect, or if the accused does not voluntarily withdraw his inconsistent statement, a plea of not guilty shall be entered and the trial will proceed as though he had pleaded not guilty. [Emphasis added.]

The Manual treats both the necessity that the plea emanate from a personal belief of guilt and the necessity that all statements

---

1. There is a distinct legal difference between a *withdrawal* of a plea for the purpose of putting the Government to its proof, and declaring affirmatively your innocence or raising other

matters inconsistent with guilt, resulting in rendering the plea *improvident. See United States v. Kepperling,* 11 U.S.C.M.A. 280, 284–5, 29 C.M.R. 96, 100–01 (1960).

of the accused be in substantial consistency with a conclusion of guilt, as going to the *providence* of the plea.

Thus, paragraph 81*b*(2), dealing with sentence rehearings, provides that an accused at such a proceeding may render his original guilty plea improvident, in accordance with paragraph 70*b*; and paragraph 70*b*, having to do with guilty plea procedure, provides that a plea to that effect will not be accepted unless the accused believes himself guilty and is not provident if the accused makes unretracted statements inconsistent with guilt. Therefore, in my opinion, the conclusion that "improvidence" does not encompass making an inconsistent statement (which, I believe, includes a protestation of innocence), is not in accord with the Manual.[2]

## II

Believing, as I do, that an accused at a sentence rehearing may render his original plea of guilty improvident by maintaining a position which is inconsistent with his plea, the next question is the standard which must be met in order to do so. The Court of Military Review addressed this issue in its opinion and held that "establishes" as

used in the quoted portion of paragraph 81*b* (2) means by a preponderance of the evidence.[3] I do not believe the Manual supports that position, and the lower court cited no other authority therefor.

The only reference to rendering an original guilty plea improvident at a sentence rehearing is found in the quoted portion of paragraph 81*b*(2), which in turn refers to paragraph 70*b*. Apparently, then, the drafters of the Manual intended for the same standard to apply at the rehearing stage as applies at the original hearing, with which paragraph 70*b* is concerned.[4] This may not be entirely desirable from a policy standpoint, but it is the President who ought to change this procedural matter,[5] not this Court.

As the appellant at his sentence rehearing set up matters at odds with his original plea, and as he did not withdraw from that inconsistent position, I would hold that the military judge erred in denying the appellant's motion and that he ought to have suspended the rehearing and to have referred the matter to this Court to determine whether to vacate the plea as improvident. Paragraph 81*b*(2), MCM.

2.  Improvidence is defined as a " 'lack of understanding of [the] meaning and effect' of a guilty plea." *See Black's Law Dictionary* 891 (4th ed. 1951). However, if an accused pleads guilty while believing himself innocent—when in military practice, unlike the practice in other Federal criminal courts, *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), an accused must hold a belief in his guilt in order to so plead, paragraph 70*b*(3), MCM; *see United States v. Johnson,* 23 U.S.C.M.A. 416, 50 C.M.R. 320, 1 M.J. 36 (1975)—or if he does so while adhering to statements otherwise inconsistent with his plea, he obviously does not understand the meaning of his guilty plea: that he is in fact guilty and that he so admits. *Id.* As was noted by the Court of Military Review, the standard for withdrawal after sentence under Rule 32(d) of the Federal Rules of Criminal Procedure is "manifest injustice." Withdrawal of a plea in United States District Courts will seldom be allowed where a proper providence inquiry was conducted. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Rawlins,* 440 F.2d 1043 (8th Cir. 1971); *Ford v. United States,* 418 F.2d 855 (8th Cir. 1969). But that principle does not apply in military practice, though it appears to be based upon sound, logical reasons. The fact is that there is no counterpart in civilian jurisprudence

to paragraph 70*b*(3) of the Manual, which in turn is the dictated product of Article 45(a), Uniform Code of Military Justice, 10 U.S.C. § 845(a).

3.  The Government has urged the same theory to this Court. However, it would appear that "establishes" does not, in itself, denote by what *standard* it must be established, *i. e.,* "establishes" [beyond a reasonable doubt]; "establishes" [by a preponderance of the evidence]; "establishes" [by clear and convincing proof]; "establishes" [by some evidence]; "establishes" [through a claim of innocence or through an unretracted statement otherwise inconsistent with guilt]; etc.

4.  This is not at variance with the policy behind the inquiry mandated by our decision in *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969): to assure providence of the plea and to mute later post-trial protestations of innocence. *See United States v. Chancelor,* 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966). If a sentence is set aside and a rehearing thereon is ordered, there *is no* sentence, and protestations of innocence or inconsistent statements do *not* fall on deaf ears—nor are they intended to do so—until after *sentence* finally has been imposed. *See* paragraph 70*b,* Manual, *supra.*

5.  *See* Article 36(a), UCMJ, 10 U.S.C. § 836(a).