UNITED STATES, Appellee,

v.

Gregory D. KELSON, Private, U. S. Army, Appellant.

No. 31,460.
SPCM 11249.

U. S. Court of Military Appeals.

May 31, 1977.

*Captain John M. Nolan* argued the cause for Appellant, Accused. With him on the brief were *Captain Michael R. Caryl* and *Captain Sammy S. Knight.*

*Captain Gay M. Holmes* argued the cause for Appellee, United States. With her on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain William C. Kirk.*

COOK, Judge:

The appellant was tried by a special court-martial before a military judge alone for breach of the peace (two specifications) and assault, in violation of Articles 116 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 916 and 928, respectively. Contrary to his pleas, he was found guilty as charged and sentenced to a reduction to the lowest enlisted grade, detention of $200 pay per month for 3 months, and a bad-conduct discharge.

During an Article 39(a)[1] session, the trial defense counsel moved to dismiss specification 1 of Charge I on the basis it was multiplicious with the offense alleged under

1. Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a).

the specification of Charge II.[2] Specification 1 of Charge I alleged the appellant breached the peace on August 21, 1974, "by wrongfully standing on tables, shouting and throwing beer mugs in the Beer Tent of the Bad Kreuznach Jahrmarkt." The specification under Charge II alleged an assault upon a German policeman on the same day by striking him with a beer mug, and the evidence of record reflects the assault also occurred in the beer tent of the Bad Kreuznach Jahrmarkt. After some discussion between the military judge and the trial defense counsel as to when the charges were served on the appellant, the military judge refused to entertain the motion to dismiss for multiplicity on the basis the defense counsel had not complied with rule 34, Uniform Rules of Practice before Army Courts-Martial (hereafter referred to as Uniform Rules).

The Uniform Rules were added to Department of the Army Pamphlet 27-9, Military Judges' Guide, as appendix H by change 4, dated January 9, 1973. Similarly, they were incorporated into Army Regulation 27-10, paragraph 2-32 by change 10, dated February 23, 1973. Both DA Pamphlet 27-9 and AR 27-10 were promulgated by order of the Secretary of the Army.

At the time of trial, rule 34 provided the following:

*Preliminary matters—motions and hearings.* Counsel shall be prepared to dispose of all motions at one preliminary hearing during an Article 39a session. See paragraph 53d, MCM. As soon as practicable after service of charges, and prior to the expiration of the time period prescribed in Rule 33, a defense counsel who wishes to present a motion or other pleading will prepare and furnish to the trial counsel, with a copy to the trial judge, *a Motions and Hearings Checklist* (fig. H-1), *accompanied by any written motions or other pleadings.* He will indicate thereon those issues he wishes to litigate at a proposed preliminary hearing, specifying whether the hearing will involve argument only, or also presentation of evidence. As soon as counsel have determined that a preliminary hearing is necessary, they will arrange with the trial judge for a mutually satisfactory date. Motions or other pleadings which are prescribed to be considered by a trial judge at a preliminary hearing which are not presented in accordance with this rule will not be entertained at a preliminary hearing or—during the trial proper except for good cause shown.[3] [Emphasis added.]

During the period in question, rule 33 required service of the checklist on the trial counsel within 10 days after the service of charges on the accused.

The military judge, after noting that the trial defense counsel had not submitted a written motion prior to the Article 39(a) session, refused to entertain the motion to dismiss. We granted review to determine whether the military judge erred in refusing to entertain the motion, and whether the Uniform Rules have been prescribed by proper authority.

Appellant submits that rule 34 is contrary to his right to raise motions as set forth by the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1969 (Rev.). The Government concedes rule 34 established a condition precedent to appellant's right to raise motions and is inconsistent with a procedural rule set forth in the Manual. We agree.

■ Article 36(a), UCMJ, 10 U.S.C. § 836(a), empowers the President to pre-

---

**2.** A motion to dismiss is appropriate if two offenses are multiplicious and there is no necessity to charge both offenses to enable the Government to meet the exigencies of proof. *See United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968).

**3.** Rule 34 was subsequently modified by the U.S. Army Judiciary, Trial Judge Memorandum No. 97, dated May 19, 1975, to eliminate the time requirements prescribed by rule 33 and the requirement that motions will not be entertained unless submitted in compliance with the rule. We note, however, this modification has not been incorporated into either Department of the Army Pamphlet 27-9 or Army Regulation 27-10.

scribe rules of procedure for cases before courts-martial. Pursuant thereto he has promulgated the Manual. His authority in that regard is limited only by the requirement that the rules be consistent with the Constitution or other laws. *United States v. Worley*, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970); *United States v. Merritt*, 1 U.S.C. M.A. 56, 1 C.M.R. 56 (1951). A valid Manual provision, therefore, has the force and effect of law. *United States v. Kinane*, 1 M.J. 309 (1976); *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970).

■ Paragraph 66*b*, MCM, provides that motions to dismiss are *normally* made before a plea is entered. Paragraph 67*a*, MCM, prescribes the following as to a motion to dismiss:

> Defenses and objections such as that trial is barred by the statute of limitations, former jeopardy, pardon, constructive condonation of desertion, former punishment, promised immunity, lack of jurisdiction, and failure of the charges to allege an offense should ordinarily be asserted by motion to dismiss before a plea is entered; but failure to assert them at that time does not constitute a waiver of the defense or objection.

Thus, rule 34 is inconsistent with the Manual because it forbids consideration of a motion to dismiss unless the motion is asserted prior to an Article 39(a) session or its untimeliness, according to the rule, is justified.

Article 140, UCMJ, 10 U.S.C. § 940, provides:

> The President may delegate any authority vested in him under this chapter, and provide for the subdelegation of any such authority.

Although the Manual contains several provisions as to which the President has permitted supplementation by the Secretary

concerned,[4] the applicable provision as to when motions must be submitted contains no clause permitting supplementation. We are not informed of, and find no delegation of authority in a different place or forum. Accordingly, we are obliged to conclude there has been no delegation of authority to the Secretary of the Army as to the matter in question. Therefore, not only is rule 34 inconsistent with the Manual but it has not been promulgated by proper authority.[5]

Although conceding that the Uniform Rules should not be given the status of "binding procedural rules," the Government submits that they still have force "as advisory guidelines" for a military judge in exercising his inherent or expressed authority to control the trial proceedings. *See* paragraphs 39 and 53, MCM. Initially, we note that the Uniform Rules deal with various matters from general routine administrative functions to very specific requirements of applicable procedures during trial. Because the present case involves only the applicability of rule 34, we find it unnecessary to address the legality of each rule set forth in the Uniform Rules "as advisory guidelines." However, if as the Government counsel contend, the matter in question involves the inherent or expressed authority of the trial judge to control the proceedings, interference in the exercise of those powers by other authority would be improper. In what manner such interferences might arise must await a proper case for adjudication.

Finally, the Government submits the appellant was not prejudiced by the failure of the military judge to entertain the motion because the record reflects that the assault and breach of the peace were not multiplicious. Contrarily, the appellant contends that, had the trial judge entertained the motion, sufficient facts could have been developed to demonstrate the multiplicious

---

4. See paragraphs 39*b* (2), 53*d*, 75*d*, 83*b*, and 90 *a*, Manual for Courts-Martial, United States, 1969 (Rev.); *see generally* Articles 14, 15(a), 22(a)(6), and 23(a)(7), Uniform Code of Military Justice, 10 U.S.C. §§ 814, 815(a), 822(a)(6), and 823(a)(7).

5. In *United States v. King*, 49 C.M.R. 297 (ACMR 1974), the Army Court of Military Review expressed doubt as to the legality of enforcing rule 34 to the prejudice of an accused, but it did not specifically decide that the rule was illegal.

nature of the offenses. Because the trial judge refused to entertain the motion, the facts and circumstances surrounding the two offenses were not fully developed. Thus, we are unable, at this level, to adequately evaluate the issue. The failure of the trial judge to entertain the motion precluded the appellant from asserting a valuable right and there is a fair risk of prejudice to the appellant.

■ The decision of the United States Army Court of Military Review is reversed as to the finding of guilty of specification 1 of the Charge I and the sentence. Although a rehearing would normally be permissible, in view of the possibility of a favorable ruling on the issue of multiplicity at such a rehearing and in the interest of judicial economy, the specification is ordered dismissed. *See United States v. Cox,* 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972); *United States v. Braxton,* 16 U.S.C.M.A. 504, 37 C.M.R. 124 (1967). The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review for reassessment of the sentence on the basis of the remaining findings of guilty.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring in the result):

I concur only with the conclusion expressed by the majority that rule 34, Uniform Rules of Practice before Army Courts-Martial, was promulgated without authority.

A rule of this dimension is a necessary measure to orderly court procedure if trials are going to be conducted in an expeditious manner and with continuity. No rule of procedure is any better than the mind of the judicial officer who will exercise discretion as to its application. A practice rule is not as a military order to be obeyed without reason.

Justice and its components create a delicate balance between the rights of either the government or the accused and a need justifying summary judicial action, in this case, proceeding to trial. Justice dictates that "rights" and "speed" are not in a state of equality; "now" must always fall before a relevant motion. Timeliness is relative only where it places one of the parties at a disadvantage; this was not the case here.

Even if a rule similar to rule 34 was properly promulgated, I would reverse this case on an abuse of judicial discretion.