UNITED STATES, Appellee,

v.

Gregory W. FOX, Private First Class, U.
S. Army, Appellant.

No. 38,149.
SPCM 13806.

U. S. Court of Military Appeals.

Jan. 12, 1981.

For Appellant: *Captain Robert D. Gastine* (argued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Grifton E. Carden* (on brief); *Captain Peter A. Nolan.*

For Appellee: *Captain Paul K. Cascio* (argued); *Colonel R. R. Boller, Major David McNeill, Jr., Captain Stephen D. Smith* (on brief).

*Opinion of the Court*

PER CURIAM:

A military judge, sitting as a special court–martial, convicted the accused of a number of offenses in violation of the Uniform Code of Military Justice and imposed a sentence that includes a bad–conduct discharge and confinement at hard labor for 3 months. On this appeal, the accused challenges the admissibility of pretrial admissions he made to an agent of the Criminal Investigation Division (CID) in regard to one of the offenses, wrongful appropriation of a .45 caliber pistol.

The challenge requires detailed examination of the evidence, especially as the Court of Military Review determined that the agent's testimony was, in part, "incredulous." The legal question presented to the Court, therefore, must turn on the special facts of this case. Considering that the uncontested findings of guilty include malingering, in violation of Article 115, Uniform Code of Military Justice, 10 U.S.C. § 915, and wrongful disobedience of a lawful command of a superior commissioned officer, in violation of Article 90, UCMJ, 10 U.S.C. § 890, and that the relatively short period of adjudged confinement has expired, we are convinced that conservation of "judicial time and effort" makes summary disposition appropriate. *United States v. Braxton,* 16 U.S.C.M.A. 504, 505, 37 C.M.R. 124, 125 (1967). Accordingly, we reverse

the decision of the United States Army Court of Military Review as to the misappropriation offense and dismiss the specification and charge (Additional Charge III and its specification), but otherwise affirm the remaining findings of guilty and the sentence because "we are highly confident" that the misappropriation offense "played no appreciable role in the adjudication of the accused's punishment." *United States v. Thompson*, 22 U.S.C.M.A. 88, 91, 46 C.M.R. 88, 91 (1972).