UNITED STATES, Appellee,

v.

Mark N. McANAUGH, Airman Basic
U. S. Air Force, Appellant.

No. 40,124/AF.
ACM 22834.

U. S. Court of Military Appeals.

July 6, 1982.

For Appellant: *Colonel George R. Stevens, Major Wade B. Morrison* (on brief); *Colonel Verlin D. Dickman.*

For Appellee: *Colonel James P. Porter, Captain Michael J. Hoover* (on brief).

Opinion of the Court

PER CURIAM:

Among other charges, appellant was convicted of larceny of a 1977 Pontiac at Mountain Home Air Force Base, Idaho on October 16, 1979, in violation of Article 121 of the Uniform Code of Military Justice, 10 U.S.C. § 921, and of inducing another airman to steal the same automobile "by persuading Airman First Class David M. Greene to help transport and hide said automobile," in violation of Article 134, UCMJ, 10 U.S.C., 934.[1] For his offenses appellant was sentenced to a dishonorable discharge, confinement for 18 months, and total forfeitures; but the convening authority reduced the sentence to a bad-conduct discharge, confinement for 1 year, and total forfeitures. The United States Air Force Court

---

1. The accused was also found guilty of two other larcenies in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.

of Military Review affirmed the sentence as approved by the convening authority; we granted review to determine whether the charges were multiplicious.

 Applying the rationale expressed in *United States v. Cartwright*, 13 M.J. 174 (C.M.A.1982), we conclude that Congress did not contemplate that the offense of larceny, prohibited by Article 121, could be multiplied for punishment purposes in this manner. If the circumstances warrant, prosecution and conviction for larceny and for conspiracy to steal are permissible, since each offense is separately proscribed by Congress, *see* Article 81, UCMJ, 10 U.S.C. § 881, and Article 121, and there is ample precedent for such prosecutions. *See United States v. Washington*, 1 M.J. 473 (C.M.A. 1976). However, when a thief is aided and abetted by others, we do not believe that he should be separately punished for persuading the others to aid him. Moreover, there is no exigency of proof that requires such

pleading, since the evidence of his involvement with others is sufficiently related to the theft to justify its admissibility and since, under circumstances like those reflected in the present record, the facts that would establish appellant's guilt of soliciting the theft by another person would at the same time establish his own guilt of larceny. Furthermore, in a borderline case like this, where it is apparent that any multiplicity did not affect the sentence, it is in the interest of judicial economy to dismiss the lesser charge and affirm the sentence. *United States v. Fox*, 10 M.J. 176 (C.M.A.1981).

Accordingly, the decision of the United States Air Force Court of Military Review is reversed as to Charge II and its specification; the findings as to that charge and specification are set aside and the charge is dismissed. As to the remaining findings of guilty and the sentence, the decision is affirmed.