**UNITED STATES, Appellee,**

v.

**Private First Class Carlisle McDOWELL,
U.S. Army, Appellant.**

No. 41,556.

CM 440327.

U. S. Court of Military Appeals.

Jan. 17, 1983.

For Appellant: *Captain John D. Martin* (argued); *Colonel Edward S. Adamkewicz, Jr., Major James F. Nagle, Major Raymond C. Ruppert* (on brief); *Colonel William G. Eckhardt.*

For Appellee: *Captain Thomas E. Booth* (argued); *Colonel R.R. Boller, Major John T. Edwards, Captain Paul K. Cascio* (on brief).

*Opinion of the Court*

PER CURIAM:

Appellant was tried by general court-martial in the summer of 1980, at Yongsan Military Reservation, Seoul, Korea. Contrary to his pleas, he was found guilty of wrongfully possessing a ration control plate, in violation of a lawful general regulation. *See* Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. In addition to this offense he was found guilty of rape, forcible sodomy, and disobedience of a lawful order, in violation of Articles 120 and 125, UCMJ, 10 U.S.C. §§ 920 and 925, respectively, and Article 92.

Prior to the members' deliberations on sentence for these offenses, the Government introduced prosecution exhibits 11, 12 and 13. Each exhibit was a record of non-judicial punishment awarded appellant on a different date for a separate offense. The members of appellant's court-martial sentenced him to a dishonorable discharge, 3 years' confinement at hard labor, total forfeitures, and reduction to E–1. The convening authority approved the sentence and the Court of Military Review affirmed.

Review was granted of two issues in this case:

I

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S PREJUDICE BY FAILING TO SUPPRESS PROSECUTION EXHIBIT 2, A RATION CONTROL PLATE.

II

WHETHER THE MILITARY JUDGE ERRED IN ADMITTING PROSECUTION EXHIBIT 11, A DA FORM 2627, WHICH WAS INCOMPLETE ON ITS FACE.

The first granted issue affects only the finding of guilty of the specification of Charge I. For purposes of this appeal, we answer this question in appellant's favor. Accordingly, we reverse the United States Army Court of Military Review's decision affirming this violation of a lawful general regulation, set aside the findings of guilty thereon, and dismiss this specification. We affirm the remaining findings of guilty. In view of the Government's concession, we answer the second question in favor of appellant. Nonetheless, we affirm the decision as to sentence because "we are highly confident" that this error and appellant's conviction for violating a ration-control regulation "played no appreciable role in the adjudication of . . . [his] punishment." *See United States v. Fox,* 10 M.J. 176, 177 (C.M. A.1981).