**184**

**UNITED STATES, Appellee,**

v.

**Robert A. ROMANELLI, Aviation Boatswain's Mate (Launching and Recovery Equipment) Airman Recruit, U.S. Navy, Appellant.**

**No. 51,023.**
**NMCM 84 1273.**

U.S. Court of Military Appeals.

June 16, 1989.

For Appellant: *Lieutenant Jacques A. Toliver,* JAGC, USNR (argued); *Lieutenant Colonel A. J. Roach,* USMC (on brief); *Lieutenant Commander Robert J. Smith,* JAGC, USN.

For Appellee: *Lieutenant Charles A. Polen,* JAGC, USNR (argued); *Captain Wendell A. Kjos,* JAGC, USN and *Lieutenant Eralides E. Cabrera,* JAGC, USNR (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

A military judge sitting alone as a general court-martial tried Romanelli on December 6, 1983, for violations of Articles 81, 86, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 886, and 934, respectively. Pursuant to his pleas, appellant was found guilty of one specification of conspiring to possess and distribute lysergic acid diethylamide (LSD) on board the USS INDEPENDENCE; two specifications of distribution of LSD, also on board the vessel; and one specification of unauthorized absence. The sentence adjudged was a bad-conduct discharge, confinement for 38 months, and total forfeitures. The convening authority approved the findings and sentence; but, pursuant to a pretrial agreement, he suspended confinement in excess of 30 months.

The Court of Military Review affirmed the findings and sentence on April 23, 1984, in a short-form opinion. On September 7, 1984, Romanelli requested that court to reconsider its decision. This request was denied on September 24, 1984. Subsequently, Romanelli petitioned our Court for relief; and we affirmed the decision below as to findings, but reversed as to sentence because of claims of unlawful command influence. 23 MJ 275 (CMA 1986) (summary disposition).[1] We authorized a *DuBay*[2] hearing on the issue of unlawful command influence or, if the convening authority deemed this impracticable, a rehearing on sentence.

On December 24, 1986, the convening authority chose the latter alternative; and a rehearing on sentence was held on March 23 and April 17 and 30, 1987. Romanelli was sentenced by the court members to receive a bad-conduct discharge, confinement for 30 months, and total forfeitures. The convening authority approved the sentence; and on May 12, 1988, the Court of Military Review affirmed the findings and sentence. Once again—this time on June 13, 1988—appellant petitioned this Court for review, which we granted on this issue:

WHETHER THE MILITARY JUDGE ERRED BY REFUSING TO REOPEN THE PROVIDENCE INQUIRY AT APPELLANT'S SENTENCE REHEARING.

I

On March 23, 1987, at the beginning of the first session of the rehearing on sentence, appellant requested, pursuant to RCM 810(a)(2)(B), Manual for Courts–Martial, United States, 1984, that the military judge reopen the providence inquiry on the original pleas of guilty. In support of this request, Romanelli testified that he had wanted to retain civilian counsel at his first trial but had been prevented from contacting one and that he felt he had been entrapped into distributing LSD on the two occasions alleged in the specifications of which he had been found guilty. He also testified that he had wanted to plead not guilty and to be tried by court-martial members. However, because of the anti-LSD videotapes being shown aboard the USS INDEPENDENCE, he had felt that he could not obtain a fair trial; and so he had pleaded guilty involuntarily and had not asked to be tried by the members. *See United States v. Kitts*, 23 MJ 105 (CMA 1986).

After Romanelli testified, this colloquy occurred:

MJ: All right, I have some findings here.

I find that the defense of entrapment is clearly raised as to Specifications 4, 5, and 6 under Charge III.

Number two, I find it just as clear that Charge I and the Specification thereunder and Charge II and the Specification thereunder are unaffected by the entrapment defense now raised.

Number three, I consider that the issue of the voluntariness of the pleas themselves, which was addressed by the

---

1. A more complete discussion of the allegations of unlawful influence can be found in *United States v. Kitts*, 23 MJ 105 (CMA 1986).

2. *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967).

accused during his testimony, has been disposed of by the Court of Military Appeals and their approval of the entire prefindings portions of the record.

Number four, I consider that the issue of competence of counsel to similarly have been fully litigated and that issue disposed of by the Convening authority's referring the case for a rehearing on sentence, exclusively, as permitted by the Court of Military Appeals decision in the case of *Kitts* and the order in this case, pursuant to that decision.

Therefore in accordance with Rule for Courts–Martial 810(a)(2)(B), this matter is to be referred back to the Convening Authority for consideration of his desires as to the disposition of Specifications 4, 5, and 6 under Charge III.

MJ: Anything further from either side for this hearing?

TC: Your Honor, if I might, at this time. Am I to assume then, based on the fact that the accused was approached by two—by Jones and Macklin that that is the basis of the opinion that the—IN [sic]—was raised sir?

MJ: Well, his assertions were that—well, I'm not going to catalog his assertions, I'll just say that, that if I were a judge taking a plea to the distributions in 4, 5, and 6 and he told me the things that he has said here this morning, under no circumstances would I accept the plea. So we're in a situation now where at least, those pleas, I cannot say are provident, at this point. And because I don't have authority to do anything about that, I have to refer the matter to the convening authority, at this point.

TC: Your Honor, I guess it's splitting hairs here, but are you saying that the plea was improvident or that there is just—that COMNAVBASE should make a determination on a separate hearing as to the providency of that plea?

MJ: I'm saying that if I was the trial judge and I hear those answers, I would say those pleas are improvident. Yes, that's what I'm saying.

A second session of the rehearing on sentence began on April 17, 1987. During this session, the military judge ruled that the earlier session had been improperly convened, and so it was a nullity. Defense counsel then offered a transcript of Romanelli's testimony at the first session for the military judge to consider and asked the military judge again to refer the question of providence to the convening authority. This time, the military judge refused, stating that his earlier decision to refer the matter to the convening authority at the first session had been "a mistake."

## II

■ In this case, our Court affirmed the findings of guilty; but we remanded the record to the convening authority and gave him two options—to order either a *DuBay* hearing or a rehearing on sentence. When the convening authority chose a rehearing on sentence, the military judge was not free to take any action that affected the findings. As we stated in *United States v. Barfield*, 2 MJ 136, 137 (CMA 1977):

At a rehearing, the trial judge must proceed in accordance with the mandate of the appellate court. *United States v. Yaeger*, 15 USCMA 226, 35 CMR 198 (1965). Consequently, when the mandate provides for a rehearing only as to sentence, the trial court cannot vacate an outstanding plea of guilty or otherwise proceed with the case as though a plea of not guilty had been entered. Should the accused challenge the validity of the plea, the trial judge may, if the evidence warrants, suspend the hearing and refer the matter to the appellate authority for such action in regard to the plea as it deems required or appropriate. *United States v. Kepperling*, 11 USCMA 280, 29 CMR 96 (1960). These general principles provide the theme for paragraph 81*b* (2) of the Manual [for Courts–Martial, United States, 1969 (Revised edition) ], which, in material part, is as follows:

81. REHEARING AND NEW OR OTHER TRIALS.

\*     \*     \*     .\*     \*     \*

*b.* Procedure....

(2) *Rehearings on sentence only* ... No new evidence of guilt or innocence not presented at the original trial shall be presented but the matters covered in [paragraph] 75 are proper.... The accused at such a rehearing may not withdraw any plea of guilty upon which the findings of guilty now before the court were based. However, if he establishes that such a plea was improvident ([paragraph] 70b), the hearing will be suspended and the matter referred to the authority directing the rehearing on the sentence, for appropriate action.

■ Although paragraph 81*b* (2) has been superseded by RCM 810(a)(2) of the 1984 Manual, *supra,*[3] the language of this Rule parallels that of the 1969 Manual, *supra.* Indeed, the Drafters' Analysis of RCM 810(a), 1984 Manual, *supra* at A21–43, states specifically that "[t]his subsection is based on paragraph 81*b* of MCM, 1969 (Rev.)." Thus, the military judge was not authorized to allow withdrawal of Romanelli's plea.

■ If, however, a plea of guilty "is found to be improvident, the rehearing on sentence" should "be suspended and the matter reported to the authority ordering the rehearing." RCM 810(a)(2)(B); *see* para. 81*b* (2), 1969 Manual, *supra.* Article 45(a), UCMJ, 10 USC § 845(a), directs that a plea of guilty not be accepted if "after a plea of guilty [an accused] sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty *improvidently* or through lack of understanding of its meaning and effect." (Emphasis added.) From this language it would appear that "improvidently," as used in Article 45(a), does not include the situation where an accused "sets up matter inconsistent with" his plea of guilty.

■ Thus, we concluded in *Barfield* that the term "improvident," as employed in paragraph 81*b* (2) of the 1969 Manual, did not include setting up inconsistent matter and that, at a rehearing on sentence alone, a judge was not required to set aside a guilty plea, even though during the rehearing the accused had set up matter inconsistent with his guilty plea. Since the language of RCM 810(a) follows that of paragraph 81*b* of the 1969 Manual, the rationale of *Barfield* still seems applicable. Consequently, testimony at the rehearing on sentence which tended to show that Romanelli had been entrapped into distributing LSD would not justify withdrawal of his pleas of guilty. Although this evidence would be "inconsistent with the" facts admitted by the pleas of guilty, it would not demonstrate "improvidence."

The military judge apparently was persuaded at the first session of the rehearing on sentence—a session which later he declared a nullity on other grounds—that appellant's testimony raising an entrapment defense was inconsistent with his guilty pleas as to the distribution offenses. Thereafter, at the second session, the judge recognized that this evidence would not authorize withdrawal of the pleas. Accordingly, he completed the rehearing on sentence and adjudged the sentence. In so doing, he acted properly.

Insofar as appellant attempted at the first session of the rehearing on the sentence to raise a true issue of "improviden[ce]," he presented matters which already had been considered by our Court when we affirmed the findings. As the military judge recognized in his findings at that session, appellant had forthrightly raised these same matters in this Court by affidavit, and we had fully considered his assertions when we affirmed the findings nonetheless. Since appellant's contention had already been considered by this Court,

---

**3.** Some portions of Manual for Courts–Martial, United States, 1984, do not apply to cases in which sentence was adjudged prior to August 1, 1984, *see United States v. Montesinos,* 28 MJ 38 (CMA 1989). However, RCM 810(a)(2)(B) is not one of the excluded portions of the Manual, so it applied even though Romanelli's trial took place in 1983. *See* Exec. Order No. 12,473, 49 Fed.Reg. 17,152 (1984), as amended by Exec. Order No. 12,484, 49 Fed.Reg. 28,825 (1984).

there was no occasion for the judge to suspend the rehearing and report the matter either to the convening authority or to our Court.

### III

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judge COX concurs.

SULLIVAN, Judge (concurring):

Had our Court not previously ruled on appellant's claims of "improviden[ce]," which were again raised at the first session of the rehearing proceedings, I would hold that the military judge should have referred the case back to our Court as the authority authorizing the rehearing. Our Court, however, considered these same claims and did hold that the pleas were provident. Bound by the law of the case as determined by my two Brothers, I vote to affirm.