UNITED STATES, Appellee,

v.

Cadet Marlon W. JACKSON, SSN 481–74–5780, United States Army, Appellant.

CM 437590.

U. S. Army Court of Military Review.

25 April 1979.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain David L. Holmes, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, and Captain Landon P. Snell, III, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

In a pretrial session, the appellant contested the admissibility of two statements he had given to Army criminal investigators. After the military judge ruled against him, the appellant eventually pleaded guilty to larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.[1]

■ The appellant now alleged that his guilty plea was improvident because the military judge failed to advise him or ascertain whether his counsel had advised him that his plea waived appellate review of the denial of his motion to suppress the confessions. The appellant does not assert that his counsel did not in fact advise him properly or that he did not in fact know the effect of his plea. The thrust of his argument is that the military judge had a duty personally to advise him or to insure that his counsel had advised him of the waiver effect of his plea on appellate review of the motion to suppress. "Without such a specific showing on the record  .  .  ." appellant contends, his "plea cannot be deemed to be knowing, intelligent, and conscious."

In *United States v. Dusenberry*, 23 U.S.C. M.A. 287, 49 C.M.R. 536 (1975), the United States Court of Military Appeals declined to upset a conviction upon a guilty plea where the military judge had not personally advised the accused that his plea would waive appellate review of his suppression motion. As appellant points out, however, the military judge in that case questioned defense counsel concerning his consideration of and discussion with accused of the effect of the plea on the motion. Here, the military judge did not discuss the waiver question

---

1. Sentence adjudged: Dismissal, total forfeitures, confinement at hard labor for nine months. Sentence approved: Dismissal, total forfeitures, confinement at hard labor for three months.

with counsel or the appellant. We do not think that omission was fatal to the providence of the plea.

 The military judge conducted an extensive inquiry into appellant's plea in accordance with *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and *United States v. Green,* 1 M.J. 453 (C.M.A. 1976). Except for mention of the waiver question it was thorough in all respects. Appellant was ably defended by two defense counsel.[2] There was a two week delay between the ruling on the motion to suppress and the entry of a plea, giving him and his counsel ample opportunity to reflect upon the proper course of action. He chose to plead guilty and obtain the benefit of a pretrial agreement rather than plead not guilty and contest the admissibility of his confessions. The fact that he had to make a hard choice does not mean that his plea was coerced, unknowing or not intelligently made. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

 Unless appellant was uncounselled or can show that he received incompetent advice from his counsel, or unless the circumstances that allegedly made his confession involuntary were so oppressive and pervasive as to carry over to the plea, he cannot now attack his plea of guilty. *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *McMann v. Richardson, supra; United States v. Dusenberry, supra.*[3] None of those situations exist here. We are convinced beyond a reasonable doubt that appellant's plea was knowingly, intelligently and voluntarily made.

The findings of guilty and the sentence are affirmed.

Judge DeFORD and Judge LEWIS concur.

---

2. One counsel had considerable trial experience. The other had little trial experience but we note he had extensive appellate experience before this Court and the Court of Military Appeals.

3. This is not a case where an accused pleaded guilty without advice of counsel, as in *Pennsyl-*

*vania ex rel. Herman v. Cloudy,* 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956), or one where the fear and oppression of the questioning continued into the trial, as in *Chambers v. Florida,* 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940).