UNITED STATES, Appellee,

v.

Rickie G. BETHKE, Private, U. S. Army, Appellant.

No. 39,888.

CM 439241.

U. S. Court of Military Appeals.

May 10, 1982.

For Appellant: *Captain Edward J. Walinsky* (argued); *Lieutenant Colonel John F. Lymburner; Major Charles A. Byler* (on brief); *Colonel Edward S. Adamkewicz, Jr.; Major Raymond C. Ruppert.*

For Appellee: *Captain Paul K. Cascio* (argued); *Colonel R.R. Boller, Major Ted B. Borek; Captain Rexford T. Bragaw, III* (on brief).

## OPINION OF THE COURT

COOK, Judge:

In this appeal,[1] appellant contends that the military judge advised him erroneously concerning the impact of his pretrial motions on a subsequent plea of guilty, thereby improperly inducing appellant to withdraw his motions. We agree and remand for a limited hearing.

___

1. We granted review of the following issue (10 M.J. 245):

THE MILITARY JUDGE IMPROPERLY DENIED THE APPELLANT THE OPPORTUNITY TO LITIGATE THE ADMISSIBILITY OF A PRETRIAL STATEMENT AND ITEMS SEIZED DURING A SEARCH.

Appellant pleaded guilty, pursuant to a pretrial agreement, to attempted murder, rape, and forcible sodomy, in violation of Articles 80, 120, and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, and 925, respectively.[2] Before appellant entered his pleas, the assistant defense counsel moved to suppress evidence of appellant's oral and written pretrial statements and all items seized during a search of appellant's apartment and vehicle. The military judge inquired whether it was the Government's intention to offer these items in evidence. Trial counsel explained that, as he was anticipating a guilty plea, he did not expect to offer such evidence. However, if appellant contested the case, trial counsel would indeed seek to introduce such evidence.

Thus apprised, the military judge elected to conduct a pretrial hearing on the question of admissibility. He explained to appellant that, if he ruled adversely to appellant on the motions, whether correctly or incorrectly, a subsequent plea of guilty would waive any errors with respect to the rulings. He also cautioned appellant:

I will also tell you now that I will not accept a plea of guilty on your part if it is entered solely because of an adverse ruling with regards to either the pretrial statements or matters that might have been secured as a result of a search. *The only reason I'll accept a plea of guilty from you* is if you decide to enter such a plea is because you tell me that you're guilty and that's the reason you want to plead guilty, because you believe you're guilty. And, if I hear your motion in this case prior to entering a plea and my ruling does happen to be adverse to you, and you subsequently enter a plea of guilty, then *you're going to have to—you or your lawyers are going to have to work very hard to convince me* that your plea is, in fact, voluntary and not entered

solely because of an adverse ruling on my part with regards to these motions. So, *if you are contemplating entering a plea of guilty in this case, I want you to discuss this carefully with your lawyers* and make sure that that plea is, in fact, a voluntary plea on your part and not as a result of an adverse ruling that I might make on one of these pretrial motions. (Emphasis added.)

Upon hearing this, appellant and his two counsel conferred. After a brief defense-requested recess, appellant withdrew the motions. The military judge stressed that he did not wish to deter appellant from making the motions and that appellant had the right to and was perfectly free to make the motions if he desired. Nevertheless, appellant declined to enter the motions and promptly pleaded guilty to all charges and specifications.

■■■ We are satisfied that the military judge's admonitions reasonably implied that, if appellant proceeded with the motions, he would be risking his bargained-for sentence limitation. In fact, no such risk exists. There is nothing inconsistent with the loss of a pretrial motion and the subsequent entry of a plea of guilty. Even if an accused sets up matters which directly conflict with his subsequent plea of guilty, no obstacle to acceptance of the plea is presented, for it is only inconsistencies arising *after* the plea has been entered that require resolution. *See* Article 45(a), UCMJ, 10 U.S.C. § 845(a); *United States v. Logan,* 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973); *United States v. Timmins,* 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972).

■ Of course, the military judge must also be satisfied that an accused's plea of guilty is voluntary and otherwise provident. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *United States v. Care,* 18 U.S.C.M.A. 535, 40

**2.** After a providence inquiry, appellant's pleas were accepted by the military judge; an officer panel sentenced appellant to a dishonorable discharge, confinement at hard labor for life, and forfeiture of all pay and allowances. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement at hard labor for 25 years, and total forfeitures for 25 years. The Army Court of Military Review affirmed the approved findings and sentence.

C.M.R. 247 (1969). However, no burden of persuasion is placed on an accused, as was implied by the military judge's words. By the same token, an accused who pleads guilty must certainly admit his belief that he is guilty, *United States v. Moglia*, 3 M.J. 216, 218 (C.M.A.1977); para. 70*b*(3), Manual for Courts-Martial, United States, 1969 (Revised edition). However, there is no requirement, as the trial judge suggested, that his plea be motivated *solely* by that belief. Numerous factors may coalesce to impel an accused to plead guilty.

██ There is no doubt here that appellant actually perceived that his pretrial agreement would be threatened, as attested by his sudden and otherwise inexplicable withdrawal of the motions. Under these circumstances, we refrain from assessing prejudice until appellant has been given a proper opportunity to litigate these motions. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a). Accordingly, the record of trial is returned to the Judge Advocate General of the Army for referral to a convening authority for a limited hearing on the merits of the motions only, should appellant still desire to pursue them. The hearing may be held by any military judge who will enter findings of fact and conclusions of law based on the evidence submitted at the hearing. At the inception of the hearing, the military judge shall advise appellant that, if he makes these motions, he will in no way be prejudicing his ability to persist in his plea of guilty and retain the benefits of his pretrial agreement. At the conclusion of the hearing, the record of this hearing shall be forwarded directly to this Court for our review along with the record of trial.

Chief Judge EVERETT concurs.

FLETCHER, Judge (dissenting):

I must dissent from the majority opinion. A voluntary and informed guilty plea waives appellant's right to later challenge on appeal evidentiary matters. *United States v. Dusenberry*, 23 U.S.C.M.A. 287, 289–90, 49 C.M.R. 536, 538–39 (1975). Voluntariness, as an issue, is resolved on the

basis of the entire record. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Caruth*, 6 M.J. 184, 186 (C.M.A. 1979); *United States v. Care*, 18 U.S.C.M.A. 535, 539, 40 C.M.R. 247, 251 (1969).

I conclude that a neutral analysis of the military judge's record statements leads to the conclusion that he did not deny appellant any opportunity to litigate his motions prior to entering a plea. The military judge's words assured appellant that he would not accept a guilty plea based solely on the denial of the motion. His language is straightforward advice to appellant that his plea must, in fact, be voluntary.

Appellant faced these charges of extremely heinous crimes and a choice between a beneficial pretrial agreement and the speculative risk of a heartily contested trial.

As the Court stated in *United States v. Dusenberry, supra* at 291, 49 C.M.R. at 540:

Although we recognize that the judge's ruling denying the suppression motion placed the accused in the predicament of having to determine whether to plead not guilty and preserve his claim of illegal police conduct or to plead guilty and receive the benefit of his pretrial agreement, we do not believe that such a ruling, even if erroneous, was sufficient to render his plea involuntary or to deprive him of due process of law. Any accused facing trial must ultimately face the same decision of whether to put the Government to the test of proving his guilt beyond a reasonable doubt by legal and competent evidence or to factually admit guilt by a plea of guilty and receive the benefit of a possible pretrial agreement. The mere fact that an accused chooses the latter course and thus waives both his right to a trial of the facts and any corresponding right to appellate review of any issues that may have been raised in that proceeding does not mean that the plea of guilty was involuntary.

Appellant urges that the clear implication of the military judge's words was that an unsuccessful motion would lead to a rejec-

tion of the guilty plea and, hence, a loss of the agreement.

Thus, he argues that the military judge is adding a condition to the pretrial agreement. This argument does not find support in the record of the judge's statement. While his language could have been more cautious, the effect of his statements is that a successful guilty plea waives challenges to evidentiary matters. This plea was provident and the lower court should be affirmed.