UNITED STATES

v.

**Stephen B. LESLIE, 267 78 0565, Captain (O–3), U. S. Marine Corps.**

**NMCM 81 2300.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 9 Dec. 1980.

Decided 28 May 1982.

---

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

MAJ Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

ABERNATHY, Judge:

Appellant was convicted, pursuant to his pleas, at a general court-martial of an attempt to obtain government services by false pretense; falsifying an Application for Shipment and Storage of Personal Property (DD 1299); and the larceny of two angle sanders and three air wrenches, altogether valued at over $362.00; violations of Articles 80, 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 907, 921, respectively. Officer members sentenced appellant to dismissal. The convening authority approved the sentence as adjudged.[1]

At trial, appellant was represented by his detailed defense counsel as well as two civilian attorneys provided at appellant's own expense. After pleas, the military judge conducted what appellate defense counsel concedes was a thorough and detailed providence inquiry in which appellant was apprised of the elements of the offenses and the constitutional rights which he would waive by pleading guilty. By his exemplary inquiry, the military judge elicited an extensive personal explanation of the facts, events and state of mind which constituted the offenses, as well as a categorical statement from appellant that he was pleading guilty only because he believed himself to be guilty.

Appellant now assigns five errors for our consideration, none of which have merit; however, in light of oral argument, we will address Assignment of Error I.

I

THE ACCUSED'S PLEAS WERE IMPROVIDENT BECAUSE THEY WERE NOT BASED ON A FACTUAL PREDICATE AND WERE ENTERED TO GAIN THE BENEFIT OF A PRETRIAL AGREEMENT NOT BECAUSE THE ACCUSED WAS CONVINCED OF HIS OWN GUILT.

Although appellant's assigned error is framed in terms of an inadequate "factual predicate" for a guilty plea, it was made clear during oral argument that he is not asserting that the providence inquiry was deficient in any manner. On the contrary, he asserts for the first time, by means of his affidavit filed nearly one and one-half years after trial, that certain of his responses during that inquiry were false, that he

---

1. Appellant faced a maximum punishment of confinement at hard labor for fifteen years, total forfeitures, fine, dismissal and loss of lineal numbers. The sentence limiting provisions of an advantageous pretrial agreement were never invoked because the adjudged sentence was even less.

lacked a subjective belief in his guilt, and that his civilian counsel improperly advised him not to discuss his personal doubts as to his guilt so that an advantageous pretrial agreement would not be jeopardized by improvident pleas. Enigmatically, left unchallenged by the affidavit are appellant's pleas to the larceny charge.

A bit of background is necessary in order to appreciate the factual context within which this error is asserted. At the time of the commission of these offenses, appellant had served over ten years as a commissioned officer in the United States Marine Corps and was to be separated for failure of selection for the rank of Major. As a result, appellant was authorized to have his personal goods shipped to a requested destination before regaining his status as a civilian. Several pertinent regulations govern this process and a servicemember's entitlement to ship personal goods at government expense.[2] Without elaborating upon the detailed provisions, appellant was limited to free shipment of 11,000 pounds of "household" goods and an unlimited amount of "professional" books and equipment. Professional goods are items considered necessary for the function and performance of officially assigned duties.[3] Appellant barely exceeded his household goods weight limit but claimed over 8,000 pounds of professional goods. Appellant's professional, official duties were as an aviation supply officer, and an air traffic control officer, yet, among those items claimed as professional gear were: a radial saw, post hole digger, cement trowel, axe handle, sump pump, acetylene and oxygen tanks, 126 U. S. Government retractable ball point pens, 200 feet of nylon rope, numerous and varied extension cords, four bundles of parachute cord, 362 popsicle sticks, 122 ear plugs, 2 Black and Decker angle sanders, (the subject of one specification of larceny), and so on for nearly 20 pages.

Thus, given the substantial stature which appellant's pleas acquire in light of an exemplary providence inquiry, and our own disbelief that anyone with appellant's commissioned officer background and occupational speciality could have believed that items such as those enumerated above were professional equipment, we are asked by appellant to allow him to impeach a portion of his trial by means of a self-serving affidavit.

■ As a general rule, evidence from outside the record will not be considered by appellate authorities to determine anew the providence of the plea. *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980). The manifest purpose of the *Chancelor/Care/Green*[4] trilogy was to foreclose post-conviction litigation as to the providence of guilty pleas. If that purpose is to be achieved, the record showing of accused's understanding of the terms of his pretrial agreement and of the nature and consequence of his plea of guilty has to be accorded primacy over an inconsistent post-conviction action or declaration. *United States v. Joseph,* 11 M.J. 333, 334 (C.M.A. 1981).

■ Considering this basic legal proposition, together with the wholly improbable and frivolous, if not unconscionable nature of appellant's affidavit, we decline to consider it as to matters alleged to exist before trial, especially ones that are contrary to factual representations made at trial. *See United States v. Joseph, supra,* at 335; *see generally Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Lastly, we do not believe that appellant's assertions, in the factual context of this case, give rise to a question of the adequacy or effectiveness of counsel.

Accordingly, appellant's assignments of error are rejected. The findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge KERCHEVAL concur.

---

2. *See* Joint Travel Regulations; DOD 4500.34–R.

3. *Id.*

4. *United States v. Chancelor,* 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966); *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Green,* 1 M.J. 453 (C.M.A. 1976).