UNITED STATES, Appellee,

v.

Specialist Four Robert H. ZIERAN, SSN 112–42–6812, United States Army, Appellant.

CM 441126.

U. S. Army Court of Military Review.

30 Nov. 1982.

Released for Publication 7 Jan. 1983.

Colonel Edward S. Adamkewicz, Jr, JAGC, Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, Captain Dennis E. Brower, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, and Captain David A. Brown, JAGC, were on the pleadings for appellee.

Before FULTON, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

After having entered a negotiated plea of guilty to rape and receiving a sentence that included a dishonorable discharge and confinement at hard labor for fifty years (reduced to five years by the convening authority in consideration of the plea of guilty), appellant now asserts his innocence.

In affidavits, the first of which was made a few weeks after his appellate counsel submitted the case for review by this Court without assignment of error, appellant contends substantially as follows: the complainant voluntarily consented to sexual intercourse with him "although later she yelled 'rape';" he "repeatedly emphasized" his innocence "over and over again" to his trial defense counsel; counsel advised him that he would virtually have to prove that he did not produce the knife, fear of which she claimed overcame her physical resistance, and that the judge would likely believe her version; that, even upon entering into the plea bargain, he repeated to his counsel that he was not guilty of rape and did not want to say in court that he did the things he knew he had not done; that he lied to the judge in the providence inquiry upon advice of his counsel; that he agreed to plead guilty and entered into the plea bargain only because he feared that he would be unjustly convicted and given a sentence of 20 years or more, perhaps even

life, in prison because he could not prove his innocence; that counsel informed him he would probably serve only one year of an agreed five-year sentence and could get the dishonorable discharge upgraded; and that his counsel did not represent him to the best of his ability and that he would have retained civilian counsel had he the funds to do so.

The trial defense counsel's response is likewise in the form of affidavits offered by the appellate defense counsel and received as appellate exhibits by this Court. The substance of the defense counsel's position is that he did indeed advise appellant of the problems they faced—which included the existence of another sex charge (appellant was charged with committing an indecent act with another young woman a few months before the instant offense; a charge which was dismissed as part of the plea bargain), a trial judge who reputedly "hated" sex offenders, a potentially harsh panel of officer court-members, and problems of credibility—but that the decision to plead guilty was arrived at by the appellant himself after deliberation, and appellant fully agreed with the stipulation of fact (which is written in the first person) with some changes therein. Counsel states that he told appellant that, as indicated by a Disciplinary Barracks informational publication, he must serve a minimum of one year, but probably would serve one-third of his sentence, or 20 months, before parole was likely. He denied indicating that a dishonorable discharge could be upgraded.

Absent from counsel's affidavit is any indication that appellant informed him that he was guilty as charged, nor, on the other hand, is there any express indication that appellant affirmatively denied his guilt. It is only clear that counsel did not believe his client was innocent when he (the counsel) entered the plea of guilty on his behalf and participated in the hearing to determine its providence. As for the ethical implications of entering the plea of guilty had it been inconsistent with facts known to the counsel, see *United States v. Johnson,* 1 M.J. 36, 38 n. 2 (C.M.A.1975).

Appellate defense counsel now asserts, first, that appellant's plea of guilty was improvident because it was the product of psychological coercion stemming from the seeming certainty of an unjust conviction and sentence to confinement for 20 or more years unless a lesser term were bargained for, and, secondly, that the plea must be set aside as a fraud on the court in view of the known fact that the complainant had consented to intercourse. The Government replies that appellant's plea met the criteria of voluntariness in that it was made knowingly and intelligently and with full understanding of the consequences, and, moreover, that appellant's assertions contrary to his statements at the trial are unworthy of belief.

█ In courts-martial, a plea of guilty must be in accordance with the actual facts. *United States v. Davenport,* 9 M.J. 364, 366–67 (C.M.A.1980), and cases there cited. The record must establish, too, "that the accused himself believes he is guilty." *Id.* at 367; *United States v. Bethke,* 13 M.J. 71, 72–73 (C.M.A.1982). This belief may be "based on his assessment of the evidence against him," *United States v. Moglia,* 3 M.J. 216, 218 (C.M.A.1977), and the decision to express the belief may entail difficult tactical choices. *See, e.g., United States v. Jackson,* 7 M.J. 647 (A.C.M.R.1979); *United States v. Munt,* 3 M.J. 1082 (A.C.M.R.1977), *pet. denied,* 4 M.J. 198 (C.M.A.1978). We believe, however, that an otherwise provident plea of guilty may be withdrawn after conviction to correct a manifest injustice. *See United States v. Barfield,* 2 M.J. 136, 138 n. 4 (C.M.A.1977).

█ So far as the transcript of proceedings is involved, the providence of appellant's plea was clearly established, but the nature of appellant's assertions necessitates that we review the allied papers to determine the available evidence and the choices that confronted appellant and his trial defense counsel. *See United States v. Davis,* 3 M.J. 430, 431 n. 1 (C.M.A.1977) (matters outside record may be considered when effectiveness of counsel is questioned).

The two principal matters on which the versions of the complainant and the appellant differed were whether she intended to

ride with him on his motorcycle to his apartment or only from the bar where he had met her to another bar to which the friends she was with were going, and whether, after arrival at his apartment, her participation in sexual intercourse was voluntary or was induced by a knife he produced. Her version that he was to drive her directly to the next bar was supported circumstantially and by statements of her friends and her statement concerning the knife was supported circumstantially.

Although the complainant, as can be seen from her own frank admissions, was not a person of untarnished moral virtue, she made an immediate complaint to her friends with no apparent ulterior motive and her version of the events remained consistent in essential detail throughout the separate German and American criminal investigations. Appellant, on the other hand, first denied that there was any intercourse at all, then recanted and asserted that her participation was voluntary, then added a third statement in which he depicted himself as more forceful and her as less cooperative in the activity (but continued to deny that he threatened her with a knife).

Appellant was also facing an Additional Charge stemming from an earlier occasion on which he committed indecent acts with another young woman. The available evidence was that those acts were not consented to. Still another charge (assault with intent to rape) was dismissed when the complainant returned to the United States, but the nature of the available evidence is not indicated.

The stipulation of fact entered into by the parties depicted the complainant as wanting to go for a ride on appellant's motorcycle before going to the next bar to meet her friends (but not necessarily contemplating going to his apartment until they were almost there and she wanted to use the toilet), but it clearly depicted her involvement in the subsequent intercourse as nonconsensual until appellant produced the knife.

Appellant's colloquy with the military judge during the plea inquiry has every appearance of frankness and spontaneity.

Asked whether he entered into the stipulation of fact to gain some advantage, he replied that he had entered into it because he was guilty. Advised to indicate whether there was anything in the stipulation of fact with which he disagreed or which was untrue when it was read aloud, he affirmed his agreement with it. He gave a detailed account of the affair in his own words, then answered with occasional elaboration questions that went beyond the confines of the stipulation. Finally, he affirmed that his plea was made voluntarily and of his own free will and that he was pleading guilty because convinced of his own guilt.

In view of the foregoing, we conclude that appellant "made an intelligent and voluntary plea based upon truthful admissions and his own best interests" *United States v. Covington,* 12 M.J. 932, 936 (N.M.C.M.R.), *pet. denied,* 13 M.J. 480 (CMA 1982). He has not sustained the burden of showing that his plea should be withdrawn to correct a manifest injustice. *See United States v. Leslie,* 13 M.J. 871 (N.M.C.M.R.1982); *cf. United States v. Barfield,* 2 M.J. 136, 138 n. 4 (C.M.A.1977).

The findings of guilty and the sentence are affirmed.

Judge COHEN concurs.

Judge NAUGHTON did not participate in this decision.