**UNITED STATES, Appellee,**

v.

**Sergeant Andrew J. BUSWELL,
455–25–3757, United States
Army, Appellant.**

**CM 447677.**

U.S. Army Court of Military Review.

15 May 1986.

---

For Appellant: Captain Deborah B. De-Palo, JAGC (argued); Colonel Brooks B. La Grua, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC (on brief).

For Appellee: Captain Amaury R. Colon, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was convicted of nine specifications of wrongful appropriation by using his automatic teller machine (ATM) card to overdraw his savings account and of one specification of absence without leave (AWOL) in violation of Articles 121 and 86, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C.

1. *United States v. Care,* 40 C.M.R. 247 (C.M.A. 1969).

2. Appellant has not raised the issue of inadequacy of counsel. In the absence of such an allegation, we will presume that trial defense counsel fully and fairly apprised appellant of both the

§§ 921 and 886 (1982), respectively. Appellant was sentenced to a bad conduct discharge, confinement for five months, total forfeitures, and reduction to the grade of Private (E–1). The convening authority approved the sentence as adjudged.

Appellant contends that his pleas of guilty to the specifications of wrongful appropriation were improvident as a matter of law because the bank consented to his withdrawals by not programming its ATM to prevent withdrawals from accounts having insufficient funds. Thus, appellant argues that the bank in effect, extended him a *de facto* loan. We disagree.

It is well-settled that a military judge may accept a guilty plea as provident when an accused pleads guilty to a specification which properly alleges an offense, and the *Care*[1] "inquiry of the accused indicates not only that the accused believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support [the] plea...." *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980). However, since the providence of a guilty plea is to be determined on the basis of matter adduced at the trial, this court will not examine matter outside the record of trial to determine the providence of a plea challenged on appeal. *Id.; but cf. United States v. Davis,* 3 M.J. 430, 431 n. 1 (C.M.A.1977) (matter outside trial record may be considered when effectiveness of counsel is questioned). Moreover, we note that absent a showing that a plea of guilty was not knowingly and intelligently made,[2] a providently made plea of guilty is binding as to both the law and the facts. *United States v. Dusenberry,* 49 C.M.R. 536, 540 (C.M.A.1975). *Cf. United States v. Zieran,* 15 M.J. 511, 512 (A.C.M.R.1982), *pet. denied,* 16 M.J. 125 (C.M.A.1983) ("an otherwise provident plea of guilty may be with-

meaning and effect of a plea of guilty. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Haston,* 21 M.J. 559 (A.C.M.R.1985); *United States v. Davis,* 20 M.J. 1015 (A.C.M.R.1985).

drawn after conviction to correct a manifest injustice").

During the providency inquiry, the military judge explained the elements of wrongful appropriation to the appellant, to include the element of wrongful taking and its required criminal state of mind. Appellant testified under oath that he understood the elements of the offense; that they correctly described what he did; that all his withdrawals were made against insufficient funds; that he was pleading guilty not only in hope of receiving a more lenient sentence by virtue of the terms of his pretrial agreement, but because he believed in his own mind that he was in fact guilty; and, rather than stating that he believed he had received a loan from the banking institution or that the institution had consented to his taking of its funds, appellant testi-

fied, not inconsistently,[3] that he believed what he had done was wrong.[4] Furthermore, in the Stipulation of Fact received in evidence at trial, appellant specifically acknowledged that he did not have overdraft protection for his account.[5]

Accordingly, we conclude that appellant was properly found guilty incident to his knowing and voluntary pleas of guilty made under oath.

The findings of guilty and the sentence are affirmed.[6]

---

3. When an accused sets up matter inconsistent with a plea of guilty, the plea must be rejected. Article 45, UCMJ, 10 U.S.C. § 845; *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980).

4. In our view, appellant's admission that his actions were wrongful forecloses his argument on appeal that he honestly believed that the bank had expressly or impliedly agreed to extend him a loan when he overdrew his account by use of his ATM card. In the absence of a meeting of the minds, it cannot be said that an agreement existed.

5. We need not consider any evidence adduced during the Article 32, UCMJ, Investigation concerning the bank's practice in programming its

ATM in a way which did not preclude withdrawals from overdrawn accounts, since the investigative report is an allied paper as opposed to being part of the record of trial. *See* RCM 1103(b)(2) and (b)(3); *United States v. Davenport,* 9 M.J. 364.

6. We reserve for later determination the question of whether in a contested case a banking institution's informed decision to program its automatic teller machines to dispense money to overdrawn accounts constitutes a legitimate consent to what otherwise would constitute a wrongful taking.