**UNITED STATES**

v.

**Staff Sergeant David W. McCANLESS, FR 235–11–1006, United States Air Force.**

**ACM 27840.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 April 1989.

Decided 19 Jan. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Major Terry M. Petrie and Captain Nancy H. Baumgartner, USAFR.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

LEONARD, Judge:

Appellant pleaded guilty to and was convicted of larceny of blank checks from a former roommate, three offenses of forging checks, six offenses of uttering bad checks, one offense of making a false claim for basic allowance for quarters, and one offense of wrongful appropriation of funds from the Mather Federal Credit Union. With respect to the last offense, he had been charged with a larceny of $3000.36 from the credit union and had entered a conditional guilty plea to the lesser offense of wrongful appropriation. On appeal he asserts two errors and we find merit in both assertions.

Appellant's first assertion is that the military judge erred by denying a defense motion to dismiss, for failure to state an offense, the larceny specification that alleged appellant stole $3000.36 from the Mather Federal Credit Union. Despite our view that this motion was improperly framed, we find that appellant's conditional guilty plea to the lesser included offense of wrongful appropriation preserved an issue for our review.

A summary of the facts forming the basis for this offense is necessary before addressing the issue. Appellant established a checking account with the Iraklion, Greece, branch office of the Mather Federal Credit Union (MFCU) shortly after his arrival at Iraklion Air Station in December 1987. A provision of appellant's contract with MFCU provided that MFCU had an option of paying insufficient funds checks

and treating them as a debit against appellant's account. The credit union's main office was in California and the contract provision was based on Section 4401 of the California Commercial Code.

Between 1 May 1988 and 30 July 1988, the appellant wrote 38 checks on his account with MFCU payable to various payees at Iraklion Air Station. None of the checks were payable to MFCU. Although there were not sufficient funds in appellant's account to cover these checks when they were presented for payment, MFCU paid the checks and debited appellant's account with the amount of each check and an overdraft service charge. The credit union paid the checks on its own initiative under the provision of the contract that allowed them to do so. The decision to pay the checks was partially due to the fact that the Iraklion branch office was newly established and had trouble communicating with the main office in California to verify account balances.

The Credit Union Branch Manager informed the appellant his account was overdrawn, but the credit union was still paying his checks and debiting his account. The appellant offered various excuses and denials that the Branch Manager checked and found to be false. Despite the falsity of his representations, the credit union continued to pay appellant's checks and debit them to his account. According to stipulations of fact and expected testimony, the credit union was not asked by appellant to pay the checks and nothing the appellant said or did induced or persuaded MFCU to pay the checks. Sometime around the end of July 1988, the credit union stopped paying any checks and checks after that point were returned to the payees for insufficient funds. When the credit union stopped paying checks, 38 checks had been paid and appellant's account had been debited $3000.36 for the checks paid and another $800.00 for overdraft fees. By the time of trial, appellant had repaid $1000.00 of this amount.

At trial, the defense moved to dismiss the specification alleging the larceny of $3000.36 from the MFCU "for failure of the facts to state any offense under Article 121." The Military Judge considered this motion before taking the appellant's pleas. After considering a stipulation of fact and a stipulation of the expected testimony of the Credit Union Branch Manager, the military judge made specific findings of fact and denied the motion. He found that the credit union's payment of the checks as overdrafts under their contract with the appellant and California Commercial Code, section 4401 created a debit in the amount of $3000.36 owed by the appellant to the credit union. However, he also found that the facts would support an allegation of larceny by false pretenses or misrepresentation. He based this finding on a theory that the appellant made a misrepresentation that the checks in question were good and would be paid upon presentment and that the credit union honored and paid the checks on faith that they were good checks. He further found appellant's evasiveness and lies to the Credit Union Branch Manager provided circumstantial evidence to support an intent to permanently deprive the credit union of the amount of the checks. Subsequently, pursuant to his pretrial agreement with the convening authority, the appellant entered a conditional guilty plea to wrongful appropriation and was found guilty of this offense by the military judge. We find the military judge erred in his method of handling this issue and in finding the appellant guilty of wrongful appropriation.

The motion made by the defense was not properly framed. The specification alleging the larceny of $3000.36 from the MFCU was a proper specification. The specification did not specify the means by which the appellant stole the money from the credit union. It merely alleged that he stole $3000.36. The issue in this case is not a failure to allege an offense, but a question of whether the government could prove beyond a reasonable doubt that the appellant's conduct constituted larceny or wrongful appropriation. It would have been better treated at trial as a question of the providency of appellant's plea or, in the case of a not guilty plea, as a motion for a finding of not guilty at the close of the

government's evidence. Since appellant pleaded guilty, we will decide the issue as a question of the providency of that plea.

During the providency inquiry, the military judge informed the appellant of the elements of wrongful appropriation and explained wrongful taking by false pretenses. Thereafter, the military judge asked appellant if he understood the elements, but did not ask him to admit that the elements correctly described his conduct. When the military judge questioned the appellant about the specifics of the wrongful appropriation, the appellant admitted that he had been told by the Credit Union Branch Manager that his account was overdrawn and that the credit union was paying his checks as overdrafts. He also admitted that he decided to take advantage of the overdraft payments and continued to write checks on the account and some of the checks he wrote were paid and some bounced. He further admitted that each time he wrote a check he represented to the payee that it would be paid upon presentment. Finally, he admitted that he intended to temporarily use for his own benefit the money that the credit union was providing him by paying the checks.

■ Article 121, UCMJ, 10 U.S.C. § 921, combined in one statute the various forms of larceny and wrongful appropriation permitted under common law, but did not create any offense not previously recognized by common law as larceny, false pretenses, or embezzlement. *United States v. Buck*, 3 U.S.C.M.A. 341, 12 C.M.R. 97 (1953). Therefore, Article 121 must be interpreted in light of the common law meaning of these offenses. *United States v. Mervine*, 26 M.J. 482 (C.M.A.1988). For a wrongful appropriation to exist, there must be a wrongful taking, obtaining or withholding of the property of another. MCM, Part IV, paragraph 46b(2)(a) 1984. For a taking or withholding to be wrongful it has to be done without the consent of the party who had possession of the property and an act is not wrongful if it is authorized by law. MCM, Part IV, paragraph 46c(1)(d) 1984. An obtaining of property from another can be wrongful if the obtaining is by false

pretenses. *Id.* For an obtaining to be by false pretenses the pretenses made must be an effective and intentional cause of the obtaining. MCM, Part IV, paragraph 46c(1)(e).

■ A larceny or wrongful appropriation may take place when an individual takes advantage of a mistaken deposit to his account by a credit union or bank and denies knowledge of the money and refuses to return it. *United States v. Moreno*, 23 M.J. 622 (A.F.C.M.R.1986). Also, taking advantage of a bank's failure to program its Automatic Teller Machines to prevent withdrawals from accounts with insufficient funds was held to be sufficient to support a guilty plea to wrongful appropriation when the accused specifically acknowledged that he did not have any overdraft protection arrangement for his account. *United States v. Bushwell*, 22 M.J. 617 (A.C.M.R.1986). Similarly, using a bank error in programing an overdraft privilege for a checking account to obtain over $800,000 in overdrafts was held to be a theft under the Louisiana statutory equivalent of larceny when the defendant never requested overdraft privileges and the bank had previously denied him a loan and never intended that he have such privileges. *Louisiana v. Langford*, 483 So.2d 979 (La.1986).

■ When a valid debtor and creditor relationship exists, the amount of the debt may not be the proper subject of a larceny under Article 121. *United States v. Mervine*, 26 M.J. 482, 484 (C.M.A.1988); MCM, Part IV, paragraph 46c(1)(b) (1984). Further, the fact the debtor made misrepresentations or false pretenses to the creditor in the process of obtaining a debt does not create a larceny unless the misrepresentations or false pretenses were the effective cause of the creditor providing the funds. *United States v. Bilbo*, 9 M.J. 800 (N.C.M.R.1980); MCM, Part IV, paragraph 46c(1)(e) (1984). Mere failure or refusal to repay a debt may result in a dishonorable failure to pay a just debt, but it does not create a larceny or wrongful appropriation. 26 M.J. at 484; MCM, Part IV, paragraph 71 (1984).

Applying the law to the facts, we find no wrongful appropriation in this case. When a bank or credit union uses its agreement with a customer to extend credit to the customer through the granting of overdraft privileges and does so without relying upon false pretenses or misrepresentations of the customer, there is no wrongful taking, obtaining or withholding of any property. The appellant did not take money without the consent of the credit union or take advantage of a mistake on the part of the credit union to obtain money. Further, appellant's evasiveness and misrepresentations to the credit union branch manager were not the effective cause of the credit union providing the overdraft privileges, and there was no wrongful obtaining by false pretenses. At the most, the evidence shows the appellant took advantage of the overdraft privileges the MFCU extended to him. His taking advantage of the privilege did not transform his conduct into a wrongful appropriation. Therefore, we find the appellant's plea of guilty to wrongful appropriation unsupported by either the evidence or appellant's admissions during the providency inquiry. Accordingly, the plea is improvident and we set aside the military judge's finding of guilty to wrongful appropriation and dismiss Specification 2 of Charge I.

If the appellant had refused to repay the amount of the debits to his account, the government could have charged a dishonorable failure to pay a just debt under Article 134, UCMJ, 10 U.S.C. § 934. However, under the facts of this case, a dishonorable failure to pay a just debt does not appear provable. Appellant had not refused to repay the credit union. He had repaid $1,000 of the debt by the time of trial and, in his unsworn statement, he requested an opportunity to repay the remainder.

Appellant's second assertion of error is that his commander was improperly permitted, over defense objection, to testify that appellant had no rehabilitation potential in the Air Force. We agree.

Prior to the commander's testimony, the defense requested the commander be called in a session without members to determine if a proper foundation existed for his proposed testimony. In that session, the following exchange took place between the commander and the trial counsel:

TC: When you stated to Captain Hillyer [DC] that someone who had committed these same offenses you wouldn't want in the Air Force, are you taking into account all the information about Sergeant McCanless and if it was Sergeant Smith sitting there and had done everything that Sergeant McCanless did, would your opinion be that you wouldn't want that Sergeant Smith either?

WIT: My opinion would not change.

TC: But considering the whole record—

WIT: Considering no matter who it is and just the fact that the charges themselves and the seriousness and the number of things that have happened, I would say in my opinion he would not have any rehabilitation potential.

It is clear the commander's opinion of appellant's rehabilitation potential was based primarily upon the charged offenses. An opinion of rehabilitation potential so based is not helpful to the sentencing authority and is not admissible. *United States v. Ohrt*, 28 M.J. 301 (C.M.A.1989); *United States v. Horner*, 22 M.J. 294 (C.M.A.1986). The opinion must be based on an assessment of the accused's character and potential. *Id.*

Having found error in the military judge's findings and in evidence presented during presentencing, we must determine whether to reassess the sentence or return the record for a rehearing on sentence. The appellant's approved sentence is a bad conduct discharge, confinement for six months, forfeiture of all pay and allowances and reduction from staff sergeant to airman basic. In addition to the wrongful appropriation offense that we set aside, he was convicted of one offense of stealing 15 blank checks from a roommate in his dormitory, three offenses of forging checks for a total amount of $480, six offenses of uttering insufficient funds checks for a total amount of $1913.91 and one offense of

making a false claim in the amount of $3,983.10.

In view of appellant's sentence and the number and seriousness of the offenses unaffected by our findings modification, it is unlikely the military judge's errors had a significant influence upon the sentence adjudged by the members. Therefore, under the circumstances of this case, a reassessment of sentence is adequate to remedy the errors.

 Having examined the record of trial, the assignments of error, and the government's reply, we approve the findings of guilty as modified and reassessing the sentence, we find appropriate and approve only so much thereof as provides for a bad conduct discharge, confinement for six months, forfeiture of $466.00 pay per month for six months, and reduction to airman basic (E–1). Accordingly, the findings and sentence, as modified, are

AFFIRMED.

Senior Judge FORAY and Judge MURDOCK concur.